## James W. Strong v. The State.

No. 7574.     Decided October 31, 1923.

**Threatening Life—Insufficiency of the Evidence.**

A rash, inconsiderate threat will not suffice to support the imposition of a penalty upon a citizen, and where there was not enough evidence in the record on appeal to support the conviction that the threat was seriously made to take the life of the party alleged to have been injured, the conviction cannot be sustained.

Appeal from the County Court of Travis. Tried below before the Honorable G. S. Matthews.

Appeal from a conviction of threatening the life of another; penalty, a fine of $100.00.

*Cofer & Cofer* for appellant. On insufficiency of the evidence, March v. State, 3 Texas Crim. App., 107; Buie v. State, 1 id., 58; Haynie v. State, 2 id., 168; Vincent v. State, 3 id., 678; McFain v. State, 41 Texas, 385; Langley v. State, 43 id., 490.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant appeals from a conviction in the County Court of Travis county, with penalty of a fine of $100.

The charge against appellant is that he seriously threatened to kill his wife on October 15, 1922, it appearing from her testimony that on that date he called her up over the telephone and said, "This is Jim; if I see you down town again with a man I will kill you, and I mean it." Prosecutrix testified that appellant made the statement like he meant it. She filed a complaint against him the next day and the trial was had November 16 or about a month after the complaint was filed. In addition to the above testimony given by her on the trial she said that she had not gone with any man since appellant made the above statement to her. The State offered one other witness who testified that in September, 1922, or about a month before the use of the alleged language by appellant, she was at a dance and saw appellant apparently standing around looking at his wife and as she said "glaring at her." Also that she saw the appellant watching his wife at the Nixon-Clay Business College. Prosecutrix also testified that about a year before the trial appellant told her that if he saw her on the street with a man he would kill her, and that subsequently she was on the street with a man and appellant attacked the man but offered no violence to her. She said that at the dance mentioned by the other witness, she danced and that appellant was there but offered her no violence.

Appellant testified that he did not threaten his wife as claimed by her and that he had seen her on the street many times since the date she mentioned and had plenty of opportunities to kill her if he had wanted to but he did not want to do so and had not threatened at any time to do so. He explained further that while he and prosecutrix were divorced, that she was the mother of his four children and that he objected to her going with men who were not proper persons for her to be with, and that that was the reason he had the difficulty with the man with whom she was walking on the occasion testified to by her. Appellant further stated that he was at the

dance mentioned and saw his wife there but was not conscious of having done anything to embarrass or frighten her. He said that he was also an attendant at the business college where she went and that he frequently saw her there.

We have not been able to persuade ourselves that this evidence shows a serious threat on the part of appellant to take the life of his wife. Jenks v. State, 81 Texas Crim. Rep., 493. A rash inconsiderate threat will not suffice to support the imposition of a penalty upon a citizen. There are two questions involved, one of which is whether appellant made a threat against his wife, and the other is whether at the time he made a threat he intended to take her life in the event he saw her out with another man. We do not believe there is enough evidence in the record to justify a dispassionate mind in concluding that he entertained any such intention. According to the State's case he made an exactly similar threat once before and the condition involved then occurred, and appellant made no effort whatever to carry the threat into execution. Again after having made a prior threat he saw her dancing with men and made no effort to carry it into execution. So believing we can not lend our assent to the sustaining of this verdict, and accordingly the judgment will be reversed and the cause remanded.

*Reversed and remanded.*