LULA MAE SPENCER V. STATE

No. 25526. February 6, 1952.

Hon. F. E. Williams, Judge Presiding.

MORRISON, Judge, dissenting.

*A. W. Marshall*, Anahuac, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted on a complaint charging threat to take a life, and assessed a fine of $100.00 and 60 days in jail.

An agreed statement of facts in the case shows the usual conflict between the evidence of the witnesses for the state and for the defendant. The appellant and the injured party were engaged in driving trucks hauling rice from a farm to the cleaning plant. Rice was conveyed to a point by tractor where it met the trucks and loaded them by some process not described other than that each truck took its turn at receiving a load. Appellant and E. W. Applebee disagreed as to whose turn it was to receive the load from the tractor. A Negro boy drove up and each demanded the loading. The boy left the tractor and declined to decide the controversy between them. Applebee said he would take the tractor and load his car and he crawled up on it in preparation to do so. At this juncture he testified, as did some of the other witnesses, that the appellant reached for

her gun, turned toward him with it and said: "If you move that tractor, that is one you wont get off of alive." Seeing the gesture made by her and in view of her statement, he left the tractor and desisted from insisting on its load. When he did so she turned away and further trouble seems to have been averted.

This threat is denied by appellant and by her witnesses, but the jury has found against her and we are bound by their finding. The only question, then, is whether or not this threat is sufficient to constitute the offense for which she is convicted.

Appellant relies on Terence v. State, 137 Tex. Cr. R. 322, 128 S. W. (2d) 1211, which quotes from and construes Strong v. State, 95 Tex. Cr. R. 558, 255 S. W. 432. In the Terence case the statement is made that a conditional threat will not support a prosecution. We think this statement is too broad and is not supported by the opinion in the Strong case. Judge Lattimore, in writing the opinion, reviewed the conduct of Strong and the threats to kill his wife. It shows that he had made such threats on a prior occasion, that the condition had been violated and that he had not carried out his threat, or attempted to do so. He called his divorced wife, the mother of his four children, and told her that if he saw her on the streets again with another 'man he would kill her. He did see her with another man and engaged the man in a fight. Under all of the circumstances, Judge Lattimore concluded that his threat was not seriously made and upon this conclusion reversed the case, even though Strong based his threat on a condition which he had no right to impose on his divorced wife.

While we cannot subscribe to a doctrine that a condition in a threat does in every case relieve the offending party from (prosecution, it appears that our court has from the earliest date held that where the condition in a threat is one that the accused 'had no right to require it is then viewed as an unqualified threat. See opinion of Chief Justice Roberts in McFain v. State, 41 Tex. 385 (at p. 389). The converse also appears to be the rule.

In the case now before us it is without dispute that the appellant had the right to have her truck loaded first. She was on the ground first, according to the evidence of Humber, a state's witness. The owner of the rice being harvested had informed her of this right.

Viewed in the light of the authorities, she placed in her threat a condition which she had a right to make. The evidence, therefore, will not support the conviction.

Article 1267, Vernon's Ann. P. C. reads as follows: "A threat that a person will do any act merely to protect himself, or to prevent the commission of some unlawful act by another, does not come within the meaning of this chapter." See also citation of authorities noted thereunder.

Appellant's motion for rehearing is granted; the original opinion herein is withdrawn; and the judgment of the trial court is reversed and remanded.

MORRISON, Judge (Dissenting)

I cannot bring myself to agree with my brethren herein. The effect of their holding is to so limit and circumscribe the act of the legislature which denounces the making of a serious threat to take human life as to render the same inoperative.

In my judgment, there can be no question but that the threat was seriously made. It must be remembered that the prosecuting witness thought her threat to take his life was a serious one, because he immediately got off the tractor and abandoned the venture. Had the facts been different and had the prosecuting witness ignored the threat and had appellant failed to carry out the same, then there would be some reason to doubt that the threat was seriously made.

My brethren seem to feel that the prosecution is not warranted because appellant thought she was entitled to a place in the line ahead of the injured party and that she was therefore entitled to use the gun in order to insure that she did not lose such "right." They say that Article 1267, Penal Code, excuses her. It reads:

"A threat that a person will do any act merely to protect himself, or to prevent the commission of some unlawful act by another, does not come within the meaning of this chapter."

There can be no contention from the facts that she was protecting herself, and therefore her sole excuse must lie in the fact that the prosecuting witness was about to commit "an unlawful act."

The facts establish that all the prosecuting witness was trying to do was to take his place in line as previously designated by his employer.

The majority opinion overlooks the fact that the record fails to reveal that their employer had ever made known to the injured party his decision to advance appellant to his place in the line. We are therefore confronted with a situation where both parties thought they were entitled to the same place, and appellant seriously threatens to take the life of one who, in good faith, disputes her claim.

Be that as it may, I earnestly submit that the act of the prosecuting witness, in attempting to secure the loading of his truck, cannot logically be said to be "an unlawful act" which had been designated by the legislature as penal. The clear mandate of the legislature would require one who defends under Article 1267 to point to an article of the Penal Code about to be committed by the person whom he threatens.

I am convinced that the policy of the law should be to discourage all violence and threats of violence and discourage all efforts to adjudicate civil rights by means of force. I am also convinced that courts should not succumb to the temptation to act as legislative bodies.

Being of the opinion that the judgment should be affirmed, I respectfully dissent from the opinion of my brethren.