JACK TULLOS V. STATE

No. 29, 570. March 12, 1958.

*Hightower and Willis,* Livingston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the serious threat to take the life of a human being, as denounced by Article 1265, V.A.P.C.; the punishment, a fine of $100.00.

The witness Finger, a member of the local water board, testified that the appellant approached him on the day in question, informed him that there was going to be plenty of trouble because Jimmy Carrier had dug up his water line; that he accompanied the appellant to appellant's home, where he saw that someone, in fact, had dug up a water line which ran from the house to the fence; and that they went in search of one Adams, another member of the board.

Adams saw the appellant and Finger together on the day in question and heard the appellant say that "somebody was moving pipe off his property," and "if Jimmy Carrier put a foot on his property there was going to be trouble."

Carrier himself testified that, though his job was to service water mains and lines, he had not gone on the appellant's property, nor does he contend that he had any right to so enter. He further stated that on the day in question the appellant approached him and asked why he was taking up his line and said, "I am tired of you messing in my business," and "if you cut off my water, it will be the last water you ever cut off," at the same time pumping his rifle and pointing it in his direction. He stated that he cautioned the appellant "to reflect on what he was doing"; whereupon, the appellant got in his automobile and drove away.

The appellant, testifying in his own behalf, stated that he found his pipe dug up and went to see Finger; that he and Finger went to see Adams, and he asked them to do something about it; that he later encountered Carrier alone, and Carrier said to him, "You mess in my business, you're a dead duck"; whereupon he (the appellant) reached in his automobile, got his rifle, and told Carrier "if that's the way you feel about it, I'm ready." He stated that he had never threatened to take Carrier's life and that, if he had wanted to, there was nothing to keep him from doing so, and that he did not have a shell in the rifle barrel at the time in question.

Both Carrier and the appellant testified that they had resided

in the town of Shepherd for six months after the above incident and before the trial and had had no further trouble.

The sufficiency of the evidence to sustain the conviction is challenged. In the recent case of Spencer v. State, 156 Texas Cr. Rep. 628, 245 S.W. 2d 710, the majority of this court, with the writer dissenting, held that the evidence was not sufficient because, under the terms of Article 1267, the woman had a right to protect her place in line at a rice loading point and that therefore her statement to Applebee, who was attempting to get ahead of her in line, "if you move that tractor, that is one you won't get off of alive," did not make her guilty under the act. While the writer did not agree with the holding in Spencer, it will be readily apparent that there is a material difference between preserving one's place in line at a rice loading point which was situated on property belonging to a third party and preventing another from coming upon your property and depredating thereon, as is denounced by Article 1377, V.A.P.C. It should be borne in mind that Carrier stated he had not been upon the appellant's land, but did not state that he had so informed the appellant. Apparently, the appellant was still laboring under the impression that it was Carrier who had taken up the pipe in his yard at the time of this unfortunate encounter. Another distinction important to me is that in Spencer it was the person who was threatened who submitted to the threat, while in the case at bar it was the appellant who, when admonished "to reflect on what he was doing," immediately desisted.

We have concluded that, under either the majority or dissenting opinion in Spencer, the evidence here before us is insufficient to support the conviction.

The judgment is reversed and the cause remanded.