Harold Lloyd **KINGHAM**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 36331, 36332.

Court of Criminal Appeals of Texas.

Dec. 18, 1963.

Rehearing Denied Feb. 5, 1964.

Donald W. Callahan (both cases), Thomas D. White (on 36,332 only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally, James C. Brough and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was charged with the offense of "Unlawfully Carrying a Pistol" in Cause No. 36,331. He was also charged with "A Serious Threat to take the life of a Human Being, or to Inflict Serious Bodily Injury upon a Human Being" in Cause No. 36,332. By agreement, both charges were tried at the same time before the Court on a plea of not guilty. Upon a finding of guilty on both charges, the Court assessed a penalty of 45 days' confinement in jail for the offense of Unlawfully Carrying a Pistol, and a fine of $100.00 and 45 days' confinement in jail for the offense of Serious Threat to take Life.

Since both appeals are before us with one Statement of Facts, we shall dispose of the two cases in one opinion.

■ A truck belonging to the appellant had been involved in an accident and had been towed to the Bud Moore Chevrolet Company. After having been informed that there was a towing charge of $22.50 and that he might have his truck upon the payment of the charge, the appellant went to get his truck.

Upon arriving at the lot, the appellant told William Lawrence Hughes, who was in charge of the body shop, that he had come for his truck. Mr. Hughes told him there was a towing charge of $22.50. The appellant insisted he was not going to pay the charge. The appellant then reached into the glove compartment of his car and produced a pistol which he held close to the stomach of Mr. Hughes, who could see the cartridges in the pistol, and said "I am going to take it or else." Hughes threw up his hands and Hughes told appellant he had the odds and that he would not argue with him, to which appellant replied "Yes, and I will damn sure use them." Hughes said he understood the appellant to mean he would get the truck or he would shoot him.

The appellant then placed the pistol in his pocket. Hughes whistled at a passing police car, which stopped. The appellant gave his pistol to an employee who started to leave the premises. The officer was told by one of Hughes' employees that appellant's employee had the pistol so he stopped the employee and recovered the pistol.

The appellant, testifying in his own behalf, admitted taking the pistol from the glove compartment of his car and demanding his truck without the payment of towing charge. He denied he intended to harm Hughes.

There are no formal bills of exception. There are no informal bills of exception which merit discussion. The evidence is amply sufficient to sustain the judgment of the Court as to the offense of unlawfully carrying a pistol. The evidence is also sufficient to sustain the Court's judgment for the offense of a Serious Threat to take the life of a Human Being, or to Inflict Serious Bodily Injury upon a Human Being. The Court, trying the facts, heard the evidence and concluded that the words spoken and the manner used indicated that the appellant seriously intended the threat to shoot the complainant, if the condition stated by the appellant was not met. The officers having intervened before the appellant could carry out his threat does not change matters and relieve the appellant of the consequences of his serious threat to take the life of Hughes. The finding of the Court would have the same weight as a jury's verdict and should not be disturbed on appeal.

We find no error in the action of the trial court in overruling appellant's motion for continuance and his motion for new trial in Cause No. 36,331, the case wherein appellant was charged with unlawfully carrying a pistol, for the reason that the motion for a continuance is not sufficient as a matter of law under the provisions of Article 543, Vernon's Ann.C.C.P., and no affidavit of the missing witness, as to what his testimony would have been, was attached to the motion of appellant for a new trial, and there was no showing under oath as to why the affidavit had not been secured before the motion was filed. Massoletti v. State, 165 Tex.Cr.R. 120, 303 S.W.2d 412.

Appellant has filed separate briefs herein. None of his contentions in the "pistol case" have merit. It is his contention that the evidence is insufficient to show that a threat was seriously made to take the life of Mr. Hughes or to inflict serious bodily injury on him, as prohibited by Article 1265, Vernon's Ann.P.C. From what we have already said, we find no merit in this contention.

It is appellant's position that he comes within the terms of Article 1267, V.A.P.C. This article provides: "A threat that a person will do any act merely to protect himself, or to prevent the commission of some unlawful act by another, does not come within the meaning of this chapter". Appellant contends that the evidence is insufficient to show a serious threat was made either to take the life of Mr. Hughes or to inflict serious bodily injury upon him. We have already resolved this contention against appellant. Appellant contends, in the alternative, that he had the right to prevent the unlawful retention of his truck by Mr. Hughes. To support his position, appellant cites and relies upon Spencer v. State, 156 Tex.Cr.R. 628, 245 S.W.2d 710. We do not think that the evidence shows an unlawful retention of appellant's truck by Mr. Hughes. Neither do we think that Spencer's case, supra, correctly interprets and applies the provisions of Article 1267, V.A.P.C. While the appellant in Spencer's case might have had the right to have her truck loaded first, the prosecuting witness, in attempting to secure the loading of his truck first, cannot logically be said to be doing an unlawful act which would bring it within the terms of Article 1267, supra. Spencer's case, supra, is overruled. Tullos v. State, 166 Tex.Cr.R. 44, 311 S.W.2d 244 involves a different factual situation and is not in point.

Finding the evidence sufficient to sustain the verdict of the Court in both cases, and finding no reversible error in either case, the judgments of the trial court are affirmed.

WOODLEY, Presiding Judge (dissenting in part).

To that portion of the majority opinion which overrules Spencer v. State, the authority relied upon by the appellant, I respectfully dissent.

If, as the majority holds, the evidence does not show an unlawful retention of appellant's truck by Mr. Hughes the Spencer

case is not applicable and need not be overruled. On the other hand, if the facts here are such as to call for reversal under the majority opinion in Spencer v. State the conviction for seriously threatening to take the life or inflict serious bodily injury on Mr. Hughes should be reversed.