Joseph Edward DOYLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 63771.

Court of Criminal Appeals of Texas, En Banc.

Nov. 16, 1983.

Rehearing Denied Jan. 11, 1984.

---

Ross Teter, J. Thomas Sullivan, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler and Kelly Loving, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Appeal is taken from a conviction for retaliation. V.T.C.A. Penal Code, Sec. 36.-06. After finding appellant guilty the jury assessed punishment, enhanced by two prior convictions, at life.

Appellant was convicted of threatening to kill Judge Dan Gibbs on or about May 27, 1978, in retaliation for Gibbs' service as a public servant.

Appellant alleges that the evidence is insufficient to support the conviction.[1] Because of the odd nature of this case, a full recitation of the facts leading to appellant's alleged threat against Judge Gibbs is necessary.

In March of 1971 Judge Gibbs was a Domestic Relations Court judge in Dallas County. At that time, appellant was in the Texas Department of Corrections. Judge Gibbs denied appellant's request for the issuance of a bench warrant for his return to Dallas County in order to attend trial in a divorce action filed by his wife.[2] Appellant's wife was granted a divorce and custody of the children. The decree contained provisions for child support and property division.

Judge Gibbs' actions prompted appellant to initiate much litigation in ensuing years. In appellant's own words, he sought relief in "over fifty court actions and twenty-three habeas corpus proceedings."

On May 26, 1978, appellant went to the offices of the Dallas Morning News. While there, he saw Dallas County Commissioner Roy Orr. Appellant attacked Orr and hit

1. While we conclude that this cause must be reversed because of the court's failure to grant appellant's motion to quash, we review the challenge to the sufficiency of the evidence in light of the Supreme Court's decision in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

2. *Doyle v. Doyle*, 482 S.W.2d 285 (Tex.Civ.App. —Beaumont 1972).

him in the fact in order to bring publicity to his grievances against Judge Gibbs.

On the following day, appellant was visited in jail by Officer Carroll Pruitt. According to Pruitt, he asked appellant for appellant's side of the story. Appellant was extremely angry and agitated and spoke very rapidly. He told Pruitt the history of his problems with Judge Gibbs.

Pruitt asked what that story had to do with Orr. Appellant rambled some more and Pruitt again asked why Orr was attacked.

"Q. Did you ask him why he did this to Roy Orr?

"A. Yes, I did. He said he did it to get publicity.

"Q. What did you say to him if anything?

"A. I said, well, you did not—you didn't accomplish your purpose in getting the publicity.

"Q. At that point I will ask you if he made a response to you that you felt was significant enough that you wrote it down a few minutes later?

"A. Yes, he did.

" . . .

"Q. Now, I will ask you if you wrote down *word for word* what he said to you as you recalled it?

"A. Yes, I did.

"Q. From having that before you to refresh your memory, I will ask if you feel that you can tell this jury *exactly* what he said?

"A. Yes.

"Q. Now, when you said that he had not accomplished his purpose, I will ask you what the next thing was that he, the Defendant, said to you?

"A. *He said, if I can't get satisfaction any other way, when I get out of here, I will kill him.*

"Q. What did you say?

"A. *I asked him why Orr?*

"Q. What was his response and these were his own words, not yours, Officer, go ahead and *tell us exactly what he said.*

"A. *He said, Dallas County f____d me and he represents Dallas County.*

"Q. Did you say anything to him then?

"A. *I said, but Orr didn't do anything to you.*

"Q. Then what was his response?

"A. *Orr or Dan Gibbs one, when I get out of here I will just have to get a gun.*

"Q. So he told you he was going to kill Orr?

"A. Yes.

"Q. Then he said Orr or Dan Gibbs one?

"A. Yes.

"Q. One or the other?

"A. Yes, sir.

"Q. *Are you positive those are the exact words he said to you Officer, concerning Dan Gibbs and Roy Orr?*

"A. *Yes, sir, I am.*" (Emphasis added.)

Appellant contends there is no evidence of a threat at all since the alleged threat was conditional and was not delivered directly to Judge Gibbs.

■ In Texas, the longstanding rule has been that a threat, though conditional, is unqualified if the accused had no right to require the condition. *Kingham v. State,* 374 S.W.2d 438 (Tex.Cr.App.1964); *Spencer v. State,* 156 Tex.Cr.R. 628, 245 S.W.2d 710 (1952);[3] *McFain v. State,* 41 Tex. 385 (Tex. S.Ct.1874). Here, appellant had no right to publicity about his case and had no right to demand any particular action on the part of Judge Gibbs.

■ The fact that the party threatened was not present when the threat was made is no defense. *Gerick v. State,* 45 S.W. 717 (Tex.Cr.App.1898). This rule was originally applied to Art. 962 of the 1895 Penal Code which has no direct counterpart in the cur-

---

**3.** *Kingham* overruled *Spencer* as to the result reached in *Spencer,* but did not disturb the test used in *Spencer.*

rent Penal Code. We see no reason not to apply the rule to threats under the retaliation statute. A central purpose of the statute is to encourage a certain class of citizens to perform vital public duties without fear of retribution. Such fear is as likely to be caused by a threat relayed through a third party as it is by a direct threat. Nothing in the wording of the statute commands that the threat be face to face.

■ The State alleged that appellant threatened to kill Gibbs even though a threat of lesser harm would have sufficed under the statute. The State is bound by its allegations in the indictment and must prove them beyond a reasonable doubt. *Moore v. State,* 531 S.W.2d 140 (Tex.Cr. App.1976).

The words, "Orr or Dan Gibbs one, when I get out of here I will just have to get a gun," are alone insufficient proof of a threat to kill. Are the words sufficient when coupled with appellant's earlier statement that, "if I can't get my satisfaction any other way, when I get out of here, I will kill him," which referred to Orr only?

After appellant threatened to "kill him," Pruitt asked, "why Orr?" If appellant had *then* responded "Orr or Dan Gibbs one, when I get out of here I will just have to get a gun," there would be no question that a threat to kill Gibbs had been made. But instead of immediately giving this answer, appellant noted that Orr "represents Dallas County." This shows that the "him" referred to in the initial threat was Orr. Pruitt again focused on why appellant was threatening Orr by saying, "but Orr didn't do anything to you." It was at this point that appellant mentioned, "Orr or Dan Gibbs one . . ."

Appellant *could* have been saying that "Orr or Dan Gibbs one" had "done something" to him, but his additional threat to "get a gun" makes it far more likely that "Orr or Dan Gibbs one" would have to be killed unless appellant received satisfaction. It must be emphasized that it was appellant's threat to kill Orr which prompted Pruitt's two questions to appellant. Both of these questions, in effect, asked why Orr

was to be killed. Then, only two questions after appellant threatened Orr, he stated, "Orr or Dan Gibbs one, when I get out of here I will just have to get a gun." The most obvious interpretation of this exchange and one the jury was free to make, is that appellant threatened to kill either Orr or Dan Gibbs.

■ Appellant's threat to kill either man does not render his statement any less of a threat to Gibbs. The evidence is sufficient to support the conviction.

In his fifth ground of error appellant maintains the trial court erred in denying his motion to quash the indictment for the reason that the indictment failed to apprise him of the offense with which he was charged so as to permit him to fully and fairly prepare his defense at trial. Specifically, as appellant complained at his pretrial hearing on the motion to quash, the indictment fails to state to whom the threat against Judge Gibbs was made or how it was made.

V.T.C.A. Penal Code, Sec. 36.06(a) states in pertinent part:

"(a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness or informant."

Appellant's indictment charges that on May 27, 1978, he did unlawfully:

"intentionally and knowingly threaten to harm another person, namely: Dan Gibbs, by an unlawful act in retaliation for and on account of the service of the said Dan Gibbs as a public servant, in that the said defendant threatened to kill the said Dan Gibbs on account of the services of the said Dan Gibbs as a judge in a prior lawsuit in which the defendant was a party."

The State maintains, and we agree, that the indictment is in no way fundamentally defective.

Appellant's motion to quash, however, having been timely and properly asserted,

calls into question the adequacy of the constitutional requisite of notice to the accused and therefore requires our consideration of it from his perspective. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977).

Art. 21.03, V.A.C.C.P., provides that, "everything should be stated in an indictment which is necessary to be proved." In *Cruise v. State,* 587 S.W.2d 403 (Tex.Cr. App.1979), the defendant was convicted of robbery by causing bodily injury under V.T. C.A. Penal Code, Sec. 29.02(a)(1). On appeal, he urged the trial court had erred in denying his motion to quash the indictment. The motion complained that the indictment failed to allege the manner and means by which the defendant caused bodily injury to the complainant. This Court, finding that the trial court erred in overruling the motion to quash, stated:

"We believe it unnecessary in our inquiry to go beyond the prescription of Art. 21.-03, V.A.C.C.P., that 'everything should be stated in an indictment which is necessary to be proved.' We fail to see in what manner the State might hope to prove to the jury beyond a reasonable doubt that appellant caused bodily injury to the complainant, without adducing facts that described the way in which he did so. This being the case, the trial court committed reversible error in refusing to order the State to disclose such facts when confronted with appellant's motion to quash the indictment for the reasons stated . . ." Id. at 404.

In *Jeffers v. State,* 646 S.W.2d 185 (Tex. Cr.App.1981), the defendant was charged with gambling promotion. V.T.C.A. Penal Code, Sec. 47.03(a)(2). The indictment alleged that Jeffers did:

"intentionally and knowingly receive a bet and offer to bet by RICHARD L. BENTON on a game, namely, a professional football game between the Dallas Cowboys and the San Francisco 49ers."

The defendant contended that the court erred in overruling his motion to quash the indictment for failing to specify the manner or means whereby he received a bet and offer to bet.

In upholding the defendant's contention, we stated:

"When considering a motion to quash, it is not sufficient to say that the accused knew with what offense he was charged; rather, the question presented is whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense . . ." Id. at 187.

" . . .

"The essence of each of the eight offenses, as alleged in the indictments, was appellant's act in receiving a bet and offer to bet by a named individual. The indictments fail to specify the manner by which appellant *received* the bets and offers to bet. Such items could have been received a number of ways including: in person, through a third party, over the telephone, at a drop or through the mail. We fail to see in what manner the State sought to prove beyond a reasonable doubt that appellant received bets and offers to bet by an individual, without adducing facts which described how the receipt took place . . ." Id. at 188.

■ Appellant's case is governed by *Jeffers.* The indictment did state the nature of the threat made and the name of the public servant threatened. But like the indictment in *Jeffers* the indictment here did not specify the manner or means whereby the offense was committed. Appellant's alleged threat could have been conveyed in a number of ways, including: face to face in person, over the phone directly, through a third party, or through the mail. In fact, at trial it was established that the threat against Judge Gibbs was made to Officer Pruitt. Nothing whatsoever in the indictment suggested as much.

We fail to see in what manner the State could have proved that a threat to harm Judge Gibbs was made without adducing facts which described how and to whom the threat was made. Indeed, the State could not have proved its case without the testimony of Officer Pruitt.

Appellant's motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. We conclude the trial court erred in overruling appellant's motion to quash. See also *Goss v. State,* 580 S.W.2d 587, 588 (Tex.Cr.App.1979); *Childs v. State,* 547 S.W.2d 613, 615 (Tex.Cr.App.1977).

The judgment is reversed and the indictment is ordered dismissed.