**Antonio MARES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–85–334–CR.

Court of Appeals of Texas,
Corpus Christi.

May 15, 1986.

Jose Antonio Gomez, Edinburg, for appellant.

Rene Guerra, Theodore C. Hake, Dist. Atty's Office, Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

OPINION

KENNEDY, Justice.

The jury convicted appellant for the offense of theft of property of more than $750.00 and less than $20,000.00 and assessed punishment at three years' imprisonment and a fine of $1,000.00. Appellant brings two grounds of error. We affirm the judgment of the trial court.

Appellant, by his two grounds of error, complains that the trial court erred in rendering judgment as the evidence was insufficient to prove that appellant stole 241 gold beads and 113 stone beads as alleged in the indictment.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

Employees of Beall's Department Store testified that appellant and his companion removed two trays of jewelry, containing gold and stone beads, from Beall's Department Store. Appellant does not challenge the sufficiency of the evidence with regard to the taking, but rather to the *number* of beads allegedly stolen. Richard Balli, the manager of the department store, testified that one week prior to the theft an inventory of the jewelry was taken and that inventory showed the trays contained 241 gold beads and 113 stone beads. Balli further testified that neither gold beads nor stone beads were sold between the inventory and the day of the theft. The department store's receipts generate a printout which identifies each item sold; thereby, Balli knew that no beads had been sold.

"The State is bound by its allegations in the indictment and must prove them beyond a reasonable doubt." *Doyle v. State*, 661 S.W.2d 726, 729 (Tex.Crim.App.1983). If the State relies upon circumstantial evidence to prove the allegations, a conviction cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Faulk v. State*, 608 S.W.2d 625, 628 (Tex.Crim.App.1980). Balli valued the 241 gold beads and 113 stone beads at $1,172.99. There is sufficient evidence to

show the quantity and value of the property as alleged in the indictment, despite appellant's contention that someone could have stolen beads after the inventory which would have reduced the number of beads on hand at the time of appellant's theft.

The judgment of the trial court is AFFIRMED.