**David Eugene NELOMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–87–0051–CR.**

Court of Appeals of Texas, Amarillo.

Nov. 10, 1987.

Wischkaemper & Martinez, David Martinez, Lubbock, for appellant.

Travis Ware, Dist. Atty., R. Deniece Jones, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant David Eugene Neloms brings this appeal from his conviction of retaliation and the consequent court-assessed punishment of ten years confinement in the Texas Department of Corrections. In one point appellant says the trial court erred in overruling appellant's motion to quash and allowing the State to amend the indictment. We affirm the judgment of conviction.

Appellant was indicted under Texas Penal Code Annotated section 36.06 (Vernon Supp.1987). This section states: "A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, prospective witness, or informant." The indictment in the case at bar tracked the wording of the statute by stating that the defendant "intentionally and knowingly threaten[ed] to harm another, to-wit: KATHERINE PHILLIPS by an unlawful act, in retaliation for and on account of the services of the said KATHERINE PHILLIPS as an [sic] public servant, to-wit: a juror; ...."

On the day of trial, appellant filed a motion to quash the indictment on the basis that the indictment failed to state to whom the threat was made, how it was made, and by what "unlawful act" appellant threatened the victim. Upon presentation of the motion, pursuant to Texas Code Criminal Procedure Annotated article 28.10 (Vernon Pamph.Supp.1987) (herein referred to as article 28.10), the State moved to amend the indictment. Parenthetically, we note that the provisions of article 28.10 are authorized by Texas Constitution article 5, § 12(b) (amended 1985). Without objection from appellant, the amendment was allowed and the motion to quash overruled.

As amended, and in pertinent part, the indictment charged that appellant did:

intentionally and knowingly threaten to harm another, to-wit: Katherine Phillips by an unlawful act, to-wit: through verbal and visual threats made by said defendant "to get" the said Katherine Phillips, in retaliation for and on account of the services of the said Katherine Phillips as a public servant, to-wit: a juror.

The trial court then questioned appellant rather extensively as to his understanding of the amendment to the indictment and instructed him as to his right under the

statute to at least a ten-day continuance to respond to the amended indictment. Appellant responded that he understood the amendment and did not wish to claim his right to a continuance. During the dialogue, appellant's trial counsel commented that he had consulted with his client and "he [appellant] has acknowledged that he wants to go to trial today and we waive the ten-day notice." The trial court requested appellant "scribble out" a written waiver of the additional preparation time and such a waiver, signed by appellant and his attorney, is a part of the record. Trial then proceeded on the amended indictment.

The thrust of appellant's argument is that the original indictment was fatally defective in that it did not state everything that was necessary to be proved, *i.e.*, the manner and means of the threat of retaliation. This lack of notice, he reasons, deprived him of a "substantial right." Therefore, he continues, the court should have quashed the indictment and not permitted the State to amend that document. He does not attack the constitutionality of article 28.10 or the sufficiency of the indictment as amended. Logical continuity in the discussion of appellant's argument requires that we first consider the nature of the deficiencies in the original indictment.

 An accused is constitutionally entitled to know the particular offense with which he is charged so that he can adequately prepare a defense. U.S. Const. amend. VI; Tex. Const. art. I, section 10. An indictment must allege the offense with such certainty as to enable the accused to know what offense he will be required to defend himself against and to enable him to plead the judgment that may be given on it in bar of any further prosecution for the same offense. *See McManus v. State*, 591 S.W.2d 505, 515 (Tex.Crim.App.1979).

 The general rule is that if the statutory language is completely descriptive of the offense so as to inform the accused of the charge against him, tracking the statutory language would be sufficient. However, a corollary of that rule is if the statutory language is not completely descriptive so that greater particularity is required to give proper notice, merely tracking the statute would be insufficient. *Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim.App.1978). In this case, having tracked the statute, the indictment alleged all the elements of the offense. However, it is not enough that the indictment allege all the elements of the charged offense, it must also, in the words of the Austin Court of Appeals, *"as a matter of form,* allege facts sufficient to give the accused precise notice of the nature and cause of the accusation against him"* (emphasis added). *Russell v. State*, 710 S.W.2d 662, 663 (Tex. App.—Austin 1986, pet. ref'd); *American Plant Food Corporation v. State*, 508 S.W.2d 598, 603 (Tex.Crim.App.1974). When a term is defined in the statute, it need not be further alleged in the indictment. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1980) (opinion on rehearing). However, when an indictment contains a necessary allegation of an act or omission by the accused which, by statutory definition, may be performed in more than one way, but fails to specify which of the statutory definitions is relied upon, the indictment is subject to a motion to quash. *Russell v. State*, 710 S.W.2d at 663; *see Thomas v. State*, 621 S.W.2d at 160.

 In this case the indictment pled the statutory element of threatening "to harm another by an unlawful act." Unlawful is defined in Texas Penal Code Annotated section 1.07(a)(36) (Vernon 1974) as meaning conduct which is "criminal or tortious or both." Thus, the statute fails to cure the failure in the original indictment to allege the specific facts as to the manner and means, or the specific "unlawful act," whether crime or tort or both, which appellant was alleged to have committed.

 In *Doyle v. State*, 661 S.W.2d 726 (Tex.Crim.App.1983) the Court was presented with an indictment charging retaliation which contained deficiencies similar to those in the instant one. Although the *Doyle* indictment did state the nature of the threat, *i.e.*, "threatened to kill," it, as in the instant indictment, failed to state the manner or means whereby the offense was committed. In its discussion the Court

noted that this failure did not make the indictment fundamentally defective, but it concluded that Doyle's "motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged." *Id.* at 731. That being the case, it held the trial court erred in overruling Doyle's motion to quash and reversed the case.

However, since the Court's dcision in *Doyle v. State,* 661 S.W.2d 726, article 28.-10 has been amended to allow a trial amendment, "if the defendant does not object," as to form or substance in an indictment. If a defendant objects, an indictment "may not be amended ... as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced." Tex.Code Crim.Proc.Ann. art. 28.10(c) (Vernon Pamph.Supp.1987).

As we have noted above, appellant does not challenge the sufficiency of the indictment as amended nor did he object at the time the amendment was allowed. The amendment process is specifically authorized by the statute and, the amendment having cured the notice question raised in the motion to quash, appellant obtained all the relief he requested. Therefore, no error was preserved. *Hopkins v. State,* 480 S.W.2d 212, 216 (Tex.Crim.App.1972).

■ Moreover, and parenthetically, we note that even had appellant objected to the amendment, no reversible error is shown. The amended indictment did not charge appellant with an additional or different crime. The trial court's questioning of appellant as to his understanding of the amended indictment, its offer to continue the case if additional time was needed, and appellant's waiver of additional time, together with his request to proceed, were sufficient to demonstrate that his federal due process and notice rights were fully protected. Therefore, no substantial rights of appellant were impaired by the allowance of the amendment.

In summary, appellant's point of error is overruled and, there being no reversible error, the judgment of conviction is affirmed.