NO. 07-06-0378-CR


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL A


MAY 31, 2007

______________________________


HERIBERTO TORRES, APPELLANT


v.


THE STATE OF TEXAS, APPELLEE

_________________________________


FROM THE 64TH DISTRICT COURT OF HALE COUNTY;


NO. A15566-0407; HON. ROBERT W. KINKAID JR., PRESIDING

_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Heriberto Torres filed a notice of appeal following the adjudication of his
guilt for the offense of aggravated assault causing serious bodily injury and the imposition
of a 10-year sentence in the Institutional Division of the Texas Department of Criminal
Justice and accompanying fine, fees and restitution. Agreeing with appointed counsel's
conclusion the record fails to show an arguable basis for appeal, we affirm the judgment
and grant counsel's motion to withdraw.

 Appellant was indicted for the offense of aggravated assault causing serious bodily
injury. In September 2004, appellant entered a plea of guilty to the offense. The trial court
deferred adjudication of guilt for a period of five years conditioned on appellant's
compliance with terms set by the court.

 In April 2005, the State filed its motion to proceed with adjudication of appellant's
guilt on the original charge. The motion alleged six separate violations of the terms of his
community supervision. Appellant entered a plea of true to all of the allegations in the
State's motion. At the conclusion of the May 23, 2005 hearing, the trial court found
appellant should be continued on community supervision and that the terms of such
supervision should be modified. 

 In April 2006, the State filed a second motion to proceed with adjudication of
appellant's guilt on the original charge. The motion alleged five separate violations of the
terms of his community supervision. Appellant entered a plea of true to all but one of the
allegations in the State's motion. At the conclusion of the September 18, 2006 hearing,
the trial court found appellant had violated the conditions of his community supervision,
adjudicated appellant guilty of the original charge, and sentenced him to 10 years in the
Institutional Division of the Texas Department of Criminal Justice and ordered him to pay
a fine, fees, and restitution.

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel has also filed a motion to
withdraw in the case and, by letter, informed appellant of his right to file a pro se brief. 
Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd). By letter dated
December 11, 2006, this court also notified appellant of his opportunity to submit a
response to the Anders brief and motion to withdraw filed by his counsel, granting him until
January 10, 2007, to do so. This court's letter also reminded appellant to contact his
counsel if he needed to review any part of the appellate record to prepare a response. 
Appellant has not filed a brief or other response.

 A defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in an appeal taken when deferred
adjudication community supervision is first imposed. Davis v. State, 195 S.W.3d 708, 711
(Tex.Crim.App. 2006); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). 
No appeal may be taken from the trial court's decision to proceed with adjudication of guilt
on a deferred adjudication. Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992);
Hargrave v. State, 10 S.W.3d 355, 357 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). 
Appellant did not perfect appeal from the order deferring adjudication. After an
adjudication of guilt, appeal may be brought challenging issues arising at the subsequent
punishment hearing. Kirtley v. State, 56 S.W.3d 48, 51 (Tex.Crim.App. 2001). 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We also have independently examined the
entire record in the case to determine whether there are any non-frivolous grounds which
might support the appeal. See Penson v. Ohio, 488 U.S. 75 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. After reviewing
the record before us and counsel's brief, we agree with counsel that the appeal is frivolous. 
See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

 Accordingly, counsel's motion to withdraw is granted (1) and the judgment is affirmed.

 

 James T. Campbell

 Justice


 

Do not publish.

 
1. In granting counsel's motion to withdraw, however, we remind counsel of the
"educational"duty to inform appellant of his right to file a pro se petition for discretionary
review in the Court of Criminal Appeals. Ex parte Owens, 206 S.W.3d 670 (Tex.Crim.App.
2006).



tandard to review the sufficiency of the evidence in
a revocation proceeding); see also Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App.
[Panel Op.] 1972).

 The offense of retaliation can be committed by a person if he "intentionally or
knowingly harms or threatens to harm another by an unlawful act in retaliation for or on
account of the service or status of another as a public servant." See Tex. Penal Code
Ann. § 36.06(a)(1)(A) (Vernon Supp. 2006). A threat is a communicated intent to inflict
harm. See Black's Law Dictionary 1519 (8th ed. 2004). A person acts intentionally when
it is his conscious objective or desire to engage in the conduct or cause the result. See
Tex. Penal Code Ann. § 6.03 (Vernon 2003). A person acts knowingly when he is aware
of the nature of his conduct or that his conduct is reasonably certain to cause the result. 
Id. Intent can be inferred from the acts, words, and conduct of the accused. See Beltran
v. State, 593 S.W.2d 688, 689 (Tex.Crim.App. 1980). Under the retaliation statute, a
threat does not have to be direct. See Davis v. State, 890 S.W.2d 489, 491
(Tex.App.-Eastland 1994, no writ) (appellant's statement that he had a criminal mind
messed up on drugs and that he might just do anything constituted threat to CPS worker). 
Further, the threat does not have to be communicated directly to the person being
threatened. See Doyle v. State, 661 S.W.2d 726, 728 (Tex.Crim.App. 1983).

 From the facts in this case, we find that the retaliation charge against appellant was
a result oriented offense. See In re B. P. H., 83 S.W.3d 400, 407 (Tex.App-Fort Worth
2002, no pet.); Herrera v. State, 915 S.W.2d 94, 97 (Tex.App.-San Antonio 1996, no writ). 
As a result oriented offense, the action being criminalized is the threat to harm and the
intent to inhibit public service by others. Herrera, 915 S.W.2d at 97; see also Doyle, 661
S.W.2d at 729. Therefore, we cannot focus on the nature of the offense, i.e., the fact that
appellant made a threatening statement because of Judge Medina's policy of no shorts in
the courtroom. Rather we consider whether appellant made the statement with the intent
to inhibit Judge Medina's service as a public official or with knowledge that it was
reasonably certain that his statement would inhibit Judge Medina's service as a public
official. See Doyle, 661 S.W.2d at 729 (the retaliation statute is meant to encourage
citizens to perform public duties without the fear of retribution). Considering the actions
of the attorney witnesses, bailiff, district attorney's office, and Judge Medina, appellant
certainly did communicate words that others perceived as a threat. Further, evidence
shows that appellant expressed his wishes for Judge Medina's death on account of his
service as a district judge, specifically as administrator of his courtroom in establishing a
dress code for the privilege of entering his courtroom. But there is no evidence that
appellant intended or was reasonably certain that his stated intent for Judge Medina's
death would in any way affect his performance as district judge or cause Judge Medina to
fear retribution. Under this subjective test, the evidence must demonstrate that appellant
intended or was reasonably certain that his statements would be interpreted as
expressions of an intent to harm a public servant in retaliation of the public duty performed. 
See Puckett v. State, 801 S.W.2d 188, 193 (Tex.App.-Houston 1990, writ ref'd). 

 In this matter, no evidence supports a conclusion that appellant meant to affect
Judge Medina's actions or emotional well-being. Even though the attorneys relayed the
threat to law enforcement who took precautions, nothing in the record can be construed
as evidence that appellant intended or knew with reasonable certainty that his statement
would cause a reaction such as the heighten sense of security put into place after the
District Attorney's office became involved. Finally, the record shows that appellant
complied with Medina's no-shorts policy, went home to change clothing, and returned to
the courtroom without any demonstration of ill-feelings or inappropriate conduct in the
courtroom. We therefore conclude that no reasonable person could believe by a
preponderance of the evidence that appellant made a threatening remark with the requisite
retaliatory intent of placing Judge Medina in fear of retribution as a result of his duty as
district judge. We therefore conclude that the trial court abused its discretion in finding by
a preponderance of the evidence that appellant had committed the offense of retaliation. 
Since this was the only alleged violation of appellant's community supervision, we find that
the trial court erred in revoking appellant's community supervision. Having granted
appellant the relief sought on his first issue, we decline to address appellant's remaining
issues. See Tex. R. App. P. 47.1


Conclusion


 For the foregoing reasons, we reverse the trial court's order revoking appellant's
community supervision and remand this cause to the trial court for further proceedings
consistent with this opinion. 


 Mackey K. Hancock

 Justice



Publish. 



 

Quinn, C.J., concurs in the result but does so because he concludes that the comments
at issue, though utterly inappropriate and distasteful, did not constitute a threat. 








 
1. The State concedes that the trial court erred in sentencing appellant to ten years
confinement on the three cases of aggravated assault with a deadly weapon when the
original sentences in those cases were two years respectively. At a revocation hearing,
the trial court is authorized to proceed with the original sentence or to reduce the term of
confinement originally assessed. See Tex. Code Crim. Proc. Ann. art. 42.12 § 23(a)
(Vernon 2006).