NO. 07-07-0030-CR
                                                     NO. 07-07-0031-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

 FEBRUARY 14, 2008

______________________________


TERRY EUGENE WINCHESTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NOS. 06-2832 & 06-2846; HONORABLE CARTER T. SCHILDKNECHT, JUDGE;

_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


OPINION


          Appellant, Terry Eugene Winchester, was convicted in separate jury trials of the
third degree felony offenses of retaliation and failure to appear and sentenced to two
consecutive life sentences under the habitual felony offenders provisions of the Texas
Penal Code.


 Appellant raises a single point of error in two appeals asserting the trial court
erred by imposing sentences grossly disproportionate to the offenses underlying his
convictions resulting in cruel and unusual punishment in violation of the Eighth Amendment
of the United States Constitution.


 We affirm.
Background
          On April 5, 2006, Appellant was arrested during a routine traffic stop for public
intoxication, an open container violation, and unlawfully carrying a weapon. While
Appellant was being transported to jail and during booking, he threatened the arresting
officer with present and future bodily harm. He also verbally accosted the officer in an
obscene and insulting manner several times. 
          On July 7, 2007, Appellant was indicted for the offense of retaliation, a third-degree
felony,


 enhanced by three prior felonies, and he was released from custody on bond. His
arraignment was scheduled for August 15, 2007. On August 10, 2007, with knowledge of
his impending court date, Appellant left on a cross-country drive to Massachusetts. When
Appellant failed to appear for his arraignment as scheduled, he was indicted for bail
jumping and failure to appear, also a third-degree felony,


 enhanced by three prior felonies. 
On his return trip from Massachusetts, Appellant was arrested in Oklahoma. 
          Subsequently, the State filed its Notice of Intent to Enhance Punishment and Notice
of Intent to Introduce Extraneous Offenses, Crimes, Wrongs and Bad Acts, listing ten prior
convictions. The offenses included convictions for possession of a firearm; possession of
drug paraphernalia; escape from a penal institution; assault with a dangerous weapon;
unauthorized use of an automobile; aggravated assault; theft by deception; leaving the
scene of an automobile accident and two convictions for automobile theft. The offenses
were committed in three states, Missouri, Arkansas, and Oklahoma, over an eight year
period, 1988-1996.


 
          The charges for retaliation and failure to appear were tried in separate jury trials. 
One jury found Appellant guilty of the offense of failure to appear, found the enhancements
true, and assessed his punishment at life imprisonment.


 A separate jury found Appellant
guilty on the retaliation offense, found the enhancements true, and also assessed his
punishment at life imprisonment. At the request of the State, the trial court cumulated the
two life sentences and ordered Appellant to serve them consecutively.
Discussion
          The Eighth Amendment of the United States Constitution prohibits excessive bail
or fines as well as cruel and unusual punishment. See U.S. Const. amend. VIII. The
provision is applicable to the States through the Fourteenth Amendment; Furman v.
Georgia, 408 U.S. 238, 239, 92 S.Ct. 2726, 2727, 33 L.Ed.2d 346 (1972); Robinson v.
California, 370 U.S. 660, 666-67, 82 S.Ct. 1417, 1420-21, 8 L.Ed.2d 758 (1962), and flows
from the basic “‘precept of justice that punishment for crime should be graduated and
proportioned to [the] offense.’” Atkins v. Virginia, 536 U.S. 304, 311, 122 S.Ct. 2242, 2246,
153 L.Ed.2d 335 (2002), quoting Weems v. United States, 217 U.S. 349, 367, 30 S.Ct.
544, 549, 54 L.Ed.2d 793 (1910). 
          It is undisputed that the sentences imposed by the trial court were within the range
of punishment authorized by the Legislature. Furthermore, Texas courts have traditionally
held that, as long as the punishment assessed is within the range set by the Legislature
in a valid statute, the punishment is not excessive, cruel, or unusual. Delacruz v. State,
167 S.W.3d 904, 906 (Tex.App.–Texarkana 2005, no pet.). That said, Texas courts
recognize that a prohibition against grossly disproportionate sentences survives under the
federal constitution apart from any consideration whether the punishment assessed is
within the statute’s range. Id.; Buster v. State, 144 S.W.3d 71, 81 (Tex.App.–Tyler 2004,
no pet.); Davis v. State, 119 S.W.3d 359, 363 (Tex.App.–Waco 2003, pet. ref’d); Jackson
v. State, 989 S.W.2d 842, 846 (Tex.App.–Texarkana 1999, no pet.).



          Finding a federal constitutional principle of proportionality for criminal sentences
under the Eighth Amendment, the United States Supreme Court indicated that, in
determining the proportionality of a sentence, courts should be guided by the following
objective criteria: (1) the gravity of the offense and the harshness of the penalty; (2) the
sentences imposed on other criminals in the same jurisdiction; and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292,
103 S.Ct. at 3011.
          Also, in recognition of the important role of legislatures in establishing statutory
criminal penalties and trial courts in assessing punishment, the Solem Court indicated that
they should be accorded substantial deference, and that “a reviewing court rarely will be
required to engage in extended analysis to determine that a sentence is not constitutionally
disproportionate.” 463 U.S. at 290 n.16, 103 S.Ct. at 3010 n.16.
          Solem, however, is no longer controlling. Harmelin v. Michigan, 501 U.S. 957, 111
S.Ct. 2680, 115 L.Ed.2d 836 (1991); McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.),
cert. denied, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992). See Wise v. State, 223
S.W.3d 548, 554 n.3 (Tex.App.–Amarillo 2007, pet. ref’d). 
          In Harmelin, the United States Supreme Court revisited the issue of whether the
Eighth Amendment provided a proportionality guarantee. Justice Scalia’s opinion, joined
by Chief Justice Rehnquist, determined the Eighth Amendment did not contain a
proportionality guarantee and rejected the Solem test. 501 U.S. at 962, 966, 111 S.Ct. at
2684, 2686. Justice Kennedy’s concurrence, joined by Justices O’Connor and Souter,
determined the Eighth Amendment encompassed a “narrow proportionality principle.” 501
U.S. at 997, 111 S.Ct. at 2702. Justice Kennedy’s concurrence recognized the Solem test
but determined the test was flexible, i.e., where a comparison of the crime with the
sentence did not give rise to an inference of gross disproportionality, a comparative
analysis of the challenged sentence with others in the same state and across the nation
was unnecessary. 501 U.S. at 1005, 111 S.Ct. at 2707. Justice White’s dissent, joined
by Justices Blackmun and Stevens, upheld Eighth Amendment guarantees of
proportionality and the Solem test. Justice Marshal’s dissent disagreed with Justice White
only insofar as Justice White’s dissent differed with his view that “capital punishment is in
all instances unconstitutional.” 501 U.S. at 1027, 111 S.Ct. at 2719. Accordingly, two
Justices rejected the proportionality principle and Solem’s test outright, three Justices
recognized a “narrow” proportionality principle and a modified Solem test, and four Justices
recognized the proportionality principle espoused in Solem and its three-part test. 
          In light of Harmelin, the Fifth Circuit Court of Appeals adopted a modified Solem test
conforming with Justice Kennedy’s concurrence. See McGruder, 954 F.2d at 316. Under
McGruder, a court first conducts a threshold comparison of the gravity of the offense
underlying the current conviction as well as the offenses underlying the prior convictions
against the severity of the sentence. Id. Only if the court infers the sentence is grossly
disproportionate to the offenses should the court then consider the remaining factors in the
Solem test. Id.
          The majority of Texas appellate courts have followed and applied the Fifth’s Circuit’s
McGruder analysis in addressing Eighth Amendment proportionality complaints. Alberto
v. State, 100 S.W.3d 528, 530 (Tex.App.–Texarkana 2003, no pet.); Bradfield v. State, 42
S.W.3d 350, 353 (Tex.App.–Eastland 2001, pet. ref’d); Hicks v. State, 15 S.W.3d 626, 632
(Tex.App.–Houston [14th Dist.] 2000, pet. ref’d); Dunn v. State, 997 S.W.2d 885, 891-92
(Tex.App.–Waco 1999, pet ref’d); Mathews v. State, 918 S.W.2d 666, 669
(Tex.App.–Beaumont 1996, pet. ref’d); Puga v. State, 916 S.W.2d 547, 549-50
(Tex.App.–San Antonio 1996, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21
(Tex.App.–Dallas 1994, pet. ref’d). Two others acknowledge McGruder and Harmelin but
nevertheless apply the Solem factors in assessing the proportionality of sentences. See
Trevino v. State, 174 S.W.3d 925, 928-29 (Tex.App.–Corpus Christi 2003, pet. ref’d);
Simmons v. State, 944 S.W.2d 11, 14 (Tex.App.–Tyler 1996, pet. ref’d). We also adopt
the McGruder proportionality analysis. 
          Appellant contends his consecutive sentences of life imprisonment are not
proportionate to his offenses of retaliation and failure to appear and violate the
requirements of the Eighth Amendment. We think this argument ignores the essence of
the statute under which he was sentenced. Appellant was sentenced under the provisions
of § 12.42(d) of the Texas Penal Code. Under this statute, sentence is imposed to reflect
the seriousness of his most recent offense, not as it stands alone, but in light of prior
offenses. See Rummel v. Estelle, 445 U.S. 263, 276, 100 S.Ct. 1133, 1140, 63 L.Ed.2d
382 (1980). A repeat offender’s sentence is “based not merely on that person’s most
recent offense but also on the propensities he has demonstrated over a period of time
during which he has been convicted of and sentenced for other crimes.” Hicks v. State,
15 S.W.3d 626, 632 (Tex.App.–Houston [14th Dist.] 2000, pet. ref’d). Therefore, in
considering whether Appellant’s sentences are “grossly disproportionate,” we consider not
only the present offenses but also his criminal history. Vrba v. State, 69 S.W.3d 713, 724
(Tex.App.–Waco 2002, no pet.). 
          The offenses of retaliation and failure to appear are third degree felonies. The
prosecution of these offenses are intended to protect vital public interests. A central
purpose of the offense of retaliation “is to encourage a certain class of citizens to perform
vital public duties without fear of retribution.” Doyle v. State, 661 S.W.2d 726, 729
(Tex.Crim.App. 1983). Prosecution of the offense of failure to appear is intended to obtain
compliance with court orders to appear and promote the orderly administration of justice.
Here, Appellant threatened an arresting officer with bodily harm and ignored the trial court’s
order to appear and plead. Importantly, these crimes were committed only months after
Appellant was released from prison.
          Appellant’s continuous, criminal history spans nearly twenty years. His felonies
include crimes of violence (assault with a dangerous weapon and aggravated assault) as
well as crimes against the authority of prison officials (escape from a penal institution),
police (retaliation against a police officer), and the court (failure to appear). After escaping
from confinement, Appellant committed multiple felonies before he was returned to jail. 
He engaged in a high speed chase with police driving more than one hundred miles per
hour. During the chase, he played “chicken” with patrol cars attempting to block his path
and later bragged about his role in endangering the lives of police officers in pursuit and
the public. Appellant put a gun to the head of his wife and demanded sex. He fled the
scene of an accident, stole automobiles, and has been convicted for the illegal possession
of firearms and drug paraphernalia. He committed felonies while on probation and parole. 
The test, then, is whether his sentences are grossly disproportionate to the gravity of the
offenses upon which his sentences are based. 
          In Rummel v. Estelle, the United States Supreme Court held that it did not constitute
“cruel and unusual punishment” to impose a life sentence under the Texas “recidivist
statute,” now § 12.42(d) of the Texas Penal Code, upon a defendant who had been
convicted, successively, of fraudulent use of a credit card to obtain $80 worth of goods or
services, passing a forged check in the amount of $28.36, and obtaining $120.75 by false
pretenses. 445 U.S. at 285, 100 S.Ct. at 1145. 
          In McGruder, the Fifth Circuit Court of Appeals held that it did not constitute “cruel
and unusual punishment” to impose a life sentence without the hope of parole under a
habitual offender statute upon a defendant who had been convicted, successively, for
burglary of an automobile; armed robbery; burglary and larceny; and again for armed
robbery. 954 F.2d at 315. Here, at least, there is the possibility of parole. 
          Because the sentences are within the statutory range of punishment and evidence
was presented regarding his previous ten felonies, the juries’ assessments of Appellant’s
punishment is not prohibited as cruel, unusual, or excessive. Moreover, having compared
the life sentences with Appellant’s current convictions and prior criminal history, we
conclude the sentences are not grossly disproportionate in violation of the Eighth
Amendment. Neither did the cumulation of the sentences by the trial court violate the
Eighth Amendment. See Stevens v. State, 667 S.W.2d 534, 537 (Tex.Crim.App. 1984). 
Having determined the consecutive sentences are not grossly disproportionate, we find it
unnecessary to consider the remaining factors of the Solem test. Therefore, we hold
Appellant’s consecutive life sentences are not unconstitutionally disproportionate and
overrule his single contention. 
Conclusion
          Accordingly, both judgments of the trial court are affirmed.
 
                                                                           Patrick A. Pirtle 

                                                                                  Justice 



Publish.