NO. 07-10-0009-CR

                                                   IN
THE COURT OF APPEALS

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

                                                                 AT
AMARILLO

                                                                     PANEL
D

                                                          DECEMBER
17, 2010

                                            ______________________________

 

                                            CONNER
CHASE HILL, APPELLANT

                                                                            V.

                                             THE STATE OF TEXAS, APPELLEE

                                         _________________________________

 

                     FROM THE 181ST DISTRICT
COURT OF RANDALL COUNTY;

                               NO. 18857-B;
HONORABLE JOHN BOARD, JUDGE

                                           _______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 

                                                      MEMORANDUM
OPINION

            After
revoking the deferred adjudication community supervision of appellant Conner
Chase Hill, the trial court adjudicated him guilty of indecency with a child by
contact[1]
and sentenced him to twenty years in prison. 
Through two issues, appellant contends the trial court abused its
discretion by revoking his community supervision and he received ineffective
assistance of counsel at trial.  Disagreeing,
we will affirm the judgment of the trial court.

Background

            In
January 2007, appellant was charged by a two-count indictment with aggravated
sexual assault and indecency with a child. 
In August 2007, appellant plead guilty to indecency with a child by
contact.  The trial court rendered an
order deferring adjudication, placed appellant on community supervision for a
term of seven years, and imposed a $750 fine. 

            The
State filed a motion to revoke community supervision in November 2009, alleging
appellant violated a condition of community supervision by not successfully
completing a required sex offender treatment program.  Appellant plead “not true” to the alleged
violation of community supervision. 
After hearing testimony on the revocation ground, the trial court
revoked appellant’s community supervision and sentenced him to twenty years
confinement.  This appeal followed.

Analysis

By his first issue, appellant argues the trial
court abused its discretion in finding he violated the terms of his community
supervision order.  In his second issue,
appellant asserts his trial counsel failed to invoke Rule of Evidence 614 and,
therefore, rendered ineffective legal assistance. 

Revocation of Community Supervision

A community supervision revocation proceeding
is neither a criminal nor a civil trial, but an administrative proceeding. Cobb v. State, 851 S.W.2d
871, 873 (Tex.Crim.App. 1993). 
The State bears the burden of proving a violation of community
supervision by a preponderance of the evidence.  Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).  ‘“Preponderance of the evidence’ has
been defined as the greater weight and degree of credible testimony.” In re T.R.S., 115 S.W.3d
318, 320 (Tex.App.--Texarkana 2003, no pet.) (citing
Compton v. Elliott, 126 Tex. 232, 88
S.W.2d 91, 95 (1935)).  Evidence supporting a finding the defendant
violated even one condition of community supervision is ground for
revocation.  McDonald v. State, 608 S.W.2d 192, 200
(Tex.Crim.App. 1980).  We
review the evidence in the light most favorable to the trial court’s
ruling.  Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).  We will reverse an order of revocation only if the trial court
abused its discretion.  Rickels, 202 S.W.3d at 763.  A trial court abuses its discretion
when its “decision was so clearly wrong as to lie outside that zone within
which reasonable persons might disagree.” Cantu v. State, 842 S.W.2d 667
(Tex.Crim.App. 1992); Wilkins v. State, 279 S.W.3d 701, 703-704 (Tex.App.--Amarillo
2007, no pet.).  

            The State grounded its motion to
revoke community supervision solely on the alleged failure of appellant to
attend and successfully complete the sex offender treatment program.  The substance of appellant’s complaint on
appeal is the evidence supporting revocation of community supervision was
insufficient.  

At
the hearing, the State presented the testimony of appellant’s therapist, Sonia
Higgins.  Higgins stated she is a
licensed professional counselor and a licensed sex offender treatment
provider.  Higgins’s firm contracts with
Randall County for treatment of sex offenders. 
Higgins explained that adult sex offender treatment is through group
therapy and occasional individual therapy. 
Treatment generally spans the period of community supervision.  A participant in sex offender treatment is
expected, among other things, to regularly attend group sessions, participate
in the group, abstain from contact with minor children, and report any sexual
contacts to the group.

According
to Higgins, when appellant began therapy he was “pleasant, tearful, and related
that he wanted to get better.”  Higgins
added that during the initial six months of treatment appellant “did well.”  She described him at that time as “an adult
male who was working the system.”

But
Higgins observed a change in appellant. 
She found his behavior and attitude toward treatment became more
reticent near the end of 2008 and the beginning of 2009.  He was evasive and very short with
responses.  He did not accept feedback,
responding with expressions like ‘“I don’t know why you keep saying that to me’”
and ‘“I don’t want to talk about it anymore.’” 
Higgins explained a primary purpose of treatment is victim empathy.  Initially she found appellant remorseful but
was later uncertain if he understood victim empathy. After an April 2009
monitoring polygraph, appellant acknowledged he was sexually assaulted by a
male state trooper.  He had not
previously disclosed this sexual contact during group sessions. Appellant also encountered
children at church and work.  These
encounters, Higgins concluded, violated his treatment rules and community supervision
rules.  Higgins believed appellant left
unanswered questions raised by monitoring polygraph examinations. Ultimately
Higgins terminated appellant from the program. 
She agreed his termination was for noncompliance.  On cross-examination, she explained her prior
testimony meant appellant was terminated because he was a danger to the
community.  At times during her
testimony, Higgins stated appellant “was not working his treatment.”

            To establish a violation of
community supervision, the State also presented the testimony of appellant’s
probation officer.  In his defense,
appellant testified as did his mother and a pastor.  

            The
weight and credibility assigned any reason appellant offered for a change in
group participation, such as the alleged sexual assault by a state trooper,
were exclusively for the trial court as fact finder.  Antwine v. State,
268 S.W.3d 634, 636 (Tex.App.--Eastland 2008, pet ref’d) (citing Cardona, 665 S.W.2d at 493) (trial court
is sole judge of credibility of witnesses and weight assigned their
testimony)).  The trial court was free to
believe some testimony while disbelieving other testimony.  See Lancon v. State, 253 S.W.3d 699, 707 (Tex.Crim.App.
2008) (discussing jury as fact finder).  

            When viewed in the light most
favorable to the trial court’s determination, we conclude the evidence
sufficiently established as a condition of community supervision appellant was
required to comply with the directives of the sex offender treatment program,
he did not, and as a result of noncompliance was terminated from the
program.  Appellant presents his reasons
he should not have been terminated from the program, but does not dispute the
evidence he was terminated.  We find the trial court did not abuse its discretion by
revoking appellant’s community supervision, and overrule his first issue.  

 

 

 

Ineffective Assistance of Counsel

            By
his second issue, appellant argues he was denied effective assistance of
counsel at the revocation hearing because his trial counsel did not request
exclusion of witnesses from the proceeding by invoking Rule of Evidence 614.[2]  

Strickland v. Washington is the seminal
case setting forth the standard for ineffective assistance of counsel claims
under the United States Constitution.  466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The Court in Strickland established a two-pronged test for analyzing a claim of
ineffective assistance of counsel. 
Reversal requires an appellant demonstrate (1) counsel’s representation
fell below an objective standard of reasonableness and (2) the deficient
performance prejudiced the appellant. 
466 U.S. at 687, 104 S.Ct. at 2064. 
See also Hernandez v. State,
726 S.W.2d 53, 54-55 (Tex.Crim.App. 1986) (applying Strickland standard under Texas constitution).

The
first prong of the Strickland test
requires an appellant prove that counsel made such serious errors that he did
not function as the “counsel” guaranteed by the Sixth Amendment.  Strickland,
466 U.S. at 687, 104 S.Ct. 2064. 
Appellant must show that counsel’s performance was unreasonable under
prevailing professional norms and that the challenged action was not sound
trial strategy.  466 U.S. at 689-90, 104
S.Ct. at 2065-66. The second Strickland
prong requires an appellant “show a reasonable probability that, but for his
counsel’s unprofessional errors, the result of the proceeding would have been
different.”  Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Crim.App.
2002).  “Reasonable probability”
means probability of a degree sufficient to undermine confidence in the
outcome.  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

An
appellant bears the burden of proving ineffective assistance of counsel by a preponderance
of the evidence.  Mitchell, 68 S.W.3d at 642.  Our review of counsel’s performance is highly
deferential and a strong presumption exists that counsel’s conduct fell within
a wide range of reasonable professional assistance.  Mallett v. State,
65 S.W.3d 59, 63 (Tex.Crim.App. 2001); see
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (noting there are countless
ways to provide effective assistance in any given case). To overcome the
presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly rooted in the record.  Thompson v. State, 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999).  In the majority of cases, the record on
direct appeal is inadequate to show that counsel’s conduct fell below an
objectively reasonable standard of performance. See Rylander v. State, 101 S.W.3d 107,
110 (Tex.Crim.App. 2003) (“[w]e have previously stated that the record on
direct appeal will generally not be sufficient to show that counsel’s
representation was so deficient as to meet the first part of the Strickland standard as the
reasonableness of counsel’s choices often involves facts that do not appear in
the appellate record”).  Thus, the better
course is to pursue the claim in habeas proceedings.  Mitchell,
68 S.W.3d at 642. 
Absent evidence of counsel’s reasons for the challenged conduct, we will
not conclude the challenged conduct constituted deficient performance unless
the conduct was so outrageous that no competent attorney would have engaged in
it.  Garcia v. State, 57 S.W.3d 436, 440
(Tex.Crim.App. 2001).

            Appellant
directs his argument at the second Strickland
prong.  He asserts that because trial
counsel did not invoke Rule 614 Higgins remained in the courtroom throughout
the proceeding and was improperly influenced by the testimony of other
witnesses.  In support, he points to her
testimony that, “[hearing the other witnesses] help[ed] her believe that [she] might have made a correct
decision.”  Appellant further alleges
allowing the parents of a prior victim to remain in the courtroom while their
son testified improperly influenced their testimony and rendered effective
cross-examination “virtually impossible.” 
As evidence of harm from this testimony, untested by vigorous
cross-examination, appellant points to the court’s imposition of the maximum
sentence of incarceration.   

            The
record shows that several times during examination of witnesses
appellant’s counsel asked if the witness heard the testimony of previous
witnesses.  We note that the State also
did not invoke Rule 614, hence defense witnesses
remained in the courtroom and heard the testimony of other witnesses, including
Higgins and appellant’s probation officer. 
The State urges that counsel intentionally could have exposed defense
witnesses to this testimony to assist presentation of appellant’s response to
the State’s case.  We agree with the
State that doing so could have been the defense’s strategy, but the record is
silent as to counsel’s actual reason for not invoking Rule 614.  

Allegations
of ineffective assistance of counsel must be firmly founded in the record.  Thompson,
9 S.W.3d at 813. 
Trial counsel ordinarily should be afforded an opportunity to explain
his actions before being denounced as ineffective.  Rylander, 101 S.W.3d at 111.  On
this record, appellant has not overcome the presumption that trial counsel made
the decision not to invoke Rule 614 in the exercise of reasonable professional
judgment.  Appellant thus has not met the
first prong of the Strickland test.[3]  Accordingly, we overrule appellant’s second
issue, and affirm his conviction and sentence.

 

James T. Campbell

Justice

 

Do not publish.

 

 

 

 











[1]Tex. Penal Code Ann. §
21.11(a)(1) (Vernon Supp. 2010).





[2] Tex. R. Evid. provides: 

At the request of a party the court shall
order witnesses excluded so that they cannot hear the testimony of other
witnesses, and it may make the order of its own motion. This rule does not
authorize exclusion of : (1) a party who is a natural person or in civil cases
the spouse of such natural person; (2) an officer or  employee of a party in a civil case or a
defendant in a criminal case that is not a natural person designated as its
representative by its attorney; (3) a person whose presence is shown by a party
to be essential to the presentation of the party’s cause; or (4) the victim in
a criminal case, unless the victim is to testify and the court determines that
the victim’s testimony would be materially affected if the victim hears other
testimony at the trial.





[3] We need not examine both Strickland prongs if one cannot be met.  Blumenstetter v. State, 135 S.W.3d
234, 242 (Tex.App.--Texarkana 2004, no pet.) (citing
Strickland, 466 U.S. at 697).