NO. 07-05-0396-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 19, 2007
_____

SHANE WILKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402468; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Shane Wilkins, seeks an appeal of the revocation of his community supervision for the offense of aggravated kidnapping.  Appellant contends the trial court erred in finding that he had violated his community supervision by committing the offense of retaliation.  We reverse and remand.

Background

Appellant was convicted of aggravated kidnapping, aggravated assault, and three counts of aggravated assault with a deadly weapon.  Appellant was sentenced to 10 years

confinement in the Institutional Division of the Texas Department of Criminal Justice on the aggravated kidnapping case, 10 years confinement on the one count of aggravated assault, and two years confinement in each of the three cases of aggravated assault with a deadly weapon. In each case, appellant was placed on community supervision. While appellant was on community supervision, appellant's wife and her ex-husband were engaged in a custody dispute which resulted in several court hearings and, at times, intervention by Child Protective Services (CPS). In June 2005, District Judge Sam Medina scheduled an emergency hearing in the 237th District Court involving the parents of the children and CPS. Although appellant was a non-party to the suit, appellant desired to attend the hearing and attempted to enter the courtroom. However, Judge Medina maintained a dress code policy prohibiting shorts in the courtroom, and appellant was refused admittance by the bailiff until he was able to properly dress for court. As appellant was leaving the courthouse to change into more appropriate clothing, he made a telephone call. While on the phone, two attorneys heard appellant make multiple statements to the effect that he wished that Judge Medina would die. The attorneys, after returning to their respective offices to handle other business matters, decided to report the overheard remarks to Judge Medina who in turn reported the incident to the District Attorney's office. The State filed an application to revoke appellant's community supervision contending that appellant had violated his community supervision by committing the offense of retaliation by making the remarks overheard by the attorneys. Later on that day, appellant returned to the courtroom and attended the proceedings without incident until he was arrested on the motion to revoke warrant. After a hearing on September 7th, the trial court found that appellant had violated his community supervision, revoked the order placing him on

community supervision, and ordered that appellant serve the sentence of ten years confinement in the Institutional Division of the Texas Department of Criminal Justice in each case.

Appellant appeals the judgment revoking his community supervision contending that (1) the evidence is insufficient to support the trial court's finding that appellant had violated his community supervision; (2) the trial court's ruling violated appellant's right to free speech protected by the first amendment of the United States Constitution; (3) appellant was not afforded due process as guaranteed by the fourteenth amendment of the United States Constitution and by Article I, Section 19 of the Texas Constitution; and (4) the trial court erroneously sentenced appellant to ten years in the three aggravated assault with a deadly weapon cases.[1]

Standard of Review

A community supervision revocation proceeding is neither a criminal nor a civil trial, but is rather an administrative proceeding. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. See id. Our review of an order revoking community supervision is limited to determining whether the trial court abused its

---

[1]The State concedes that the trial court erred in sentencing appellant to ten years confinement on the three cases of aggravated assault with a deadly weapon when the original sentences in those cases were two years respectively. At a revocation hearing, the trial court is authorized to proceed with the original sentence or to reduce the term of confinement originally assessed. See TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a) (Vernon 2006).

discretion. See Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). In a community supervision revocation hearing, an abuse of discretion occurs when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. See Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, writ ref'd). The evidence is viewed in the light most favorable to the trial court's order. Johnson v. State, 943 S.W.2d 83, 85 (Tex.App.–Houston [1st Dist.]1997, no pet.) (declining to use a factual sufficiency standard to review the sufficiency of the evidence in a revocation proceeding); see also Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1972).

The offense of retaliation can be committed by a person if he "intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant." See TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (Vernon Supp. 2006). A threat is a communicated intent to inflict harm. See BLACK'S LAW DICTIONARY 1519 (8th ed. 2004). A person acts intentionally when it is his conscious objective or desire to engage in the conduct or cause the result. See TEX. PENAL CODE ANN. § 6.03 (Vernon 2003). A person acts knowingly when he is aware of the nature of his conduct or that his conduct is reasonably certain to cause the result. Id. Intent can be inferred from the acts, words, and conduct of the accused. See Beltran v. State, 593 S.W.2d 688, 689 (Tex.Crim.App. 1980). Under the retaliation statute, a threat does not have to be direct. See Davis v. State, 890 S.W.2d 489, 491 (Tex.App.–Eastland 1994, no writ) (appellant's statement that he had a criminal mind messed up on drugs and that he might just do anything constituted threat to CPS worker).

-4-

Further, the threat does not have to be communicated directly to the person being threatened.  See Doyle v. State, 661 S.W.2d 726, 728 (Tex.Crim.App. 1983).

From the facts in this case, we find that the retaliation charge against appellant was a result oriented offense.  See In re B. P. H., 83 S.W.3d 400, 407 (Tex.App–Fort Worth 2002, no pet.); Herrera v. State, 915 S.W.2d 94, 97 (Tex.App.–San Antonio 1996, no writ).  As a result oriented offense, the action being criminalized is the threat to harm and the intent to inhibit public service by others.  Herrera, 915 S.W.2d at 97; see also Doyle, 661 S.W.2d at 729.  Therefore, we cannot focus on the nature of the offense, i.e., the fact that appellant made a threatening statement because of Judge Medina's policy of no shorts in the courtroom.  Rather we consider whether appellant made the statement with the intent to inhibit Judge Medina's service as a public official or with knowledge that it was reasonably certain that his statement would inhibit Judge Medina's service as a public official.  See Doyle, 661 S.W.2d at 729 (the retaliation statute is meant to encourage citizens to perform public duties without the fear of retribution).  Considering the actions of the attorney witnesses, bailiff, district attorney's office, and Judge Medina, appellant certainly did communicate words that others perceived as a threat.  Further, evidence shows that appellant expressed his wishes for Judge Medina's death on account of his service as a district judge, specifically as administrator of his courtroom in establishing a dress code for the privilege of entering his courtroom.  But there is no evidence that appellant intended or was reasonably certain that his stated intent for Judge Medina's death would in any way affect his performance as district judge or cause Judge Medina to fear retribution.  Under this subjective test, the evidence must demonstrate that appellant

intended or was reasonably certain that his statements would be interpreted as expressions of an intent to harm a public servant in retaliation of the public duty performed. See Puckett v. State, 801 S.W.2d 188, 193 (Tex.App.–Houston 1990, writ ref'd).

In this matter, no evidence supports a conclusion that appellant meant to affect Judge Medina's actions or emotional well-being. Even though the attorneys relayed the threat to law enforcement who took precautions, nothing in the record can be construed as evidence that appellant intended or knew with reasonable certainty that his statement would cause a reaction such as the heighten sense of security put into place after the District Attorney's office became involved. Finally, the record shows that appellant complied with Medina's no-shorts policy, went home to change clothing, and returned to the courtroom without any demonstration of ill-feelings or inappropriate conduct in the courtroom. We therefore conclude that no reasonable person could believe by a preponderance of the evidence that appellant made a threatening remark with the requisite retaliatory intent of placing Judge Medina in fear of retribution as a result of his duty as district judge. We therefore conclude that the trial court abused its discretion in finding by a preponderance of the evidence that appellant had committed the offense of retaliation. Since this was the only alleged violation of appellant's community supervision, we find that the trial court erred in revoking appellant's community supervision. Having granted appellant the relief sought on his first issue, we decline to address appellant's remaining issues. See TEX. R. APP. P. 47.1

Conclusion

For the foregoing reasons, we reverse the trial court's order revoking appellant's community supervision and remand this cause to the trial court for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice

Publish.

Quinn, C.J., concurs in the result but does so because he concludes that the comments at issue, though utterly inappropriate and distasteful, did not constitute a threat.