NO. 07-08-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 24, 2009
_____

VICENTE CASAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,025; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Vicente Casas, appeals his conviction for the offense of burglary of a habitation with intent to commit sexual assault and the resulting punishment of 50 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Through three issues, appellant contends that the evidence was both legally and factually insufficient and that if appellant is guilty of a crime it is the lesser included offense of criminal trespass. Concluding that appellant's positions are incorrect, we affirm the judgment of the trial court.

Factual and Procedural Background

On November 9, 2005, at approximately 3:00 a.m., Lenice Littlejohn awoke to find appellant standing near her side of the bed in her bedroom. Upon realizing that the person standing there was neither her son or her husband, Lenice woke her husband, Steve Littlejohn, telling him someone was in the room. As soon as Steve realized what was taking place, he jumped across the bed and accosted appellant. Steve quickly subdued appellant and, upon turning on a light in the bedroom, discovered appellant was nude except for socks and a condom. Steve tied appellant's hands behind his back and took him downstairs, sitting him on the front porch while awaiting the arrival of the Lubbock County Sheriff's deputies. Within moments of being downstairs and sat on the porch, appellant got free and escaped from Steve. A deputy sheriff later found appellant hiding in a tree line near the Littlejohn's home.

Deputy sheriffs recovered all of appellant's clothing, personal items including ten unopened packages of condoms, and identification at the scene. Appellant's shoes were found immediately beside the door going into the bedroom of Lenice and Steve. Appellant's clothes were found at the foot of the bed. A condom was found on the grass immediately next to the porch where appellant had been taken to await the arrival of the deputies.

At the conclusion of the testimony but before the reading of the court's charge, appellant requested that the trial court include a charge on the lesser included charge of criminal trespass. The trial court granted this request, however, the jury rejected the lesser

2

included offense and found appellant guilty of the offense of burglary of a habitation with intent to commit sexual assault. The appellant elected to go to the trial court for punishment and the judge, after hearing evidence on the issue of punishment, assessed appellant's punishment at confinement for a period of 50 years in the Institutional Division of the Texas Department of Criminal Justice. It is from this judgment and sentence that appellant appeals. We affirm.

Legal and Factual Sufficiency

Appellant contends that the evidence is legally and factually insufficient to prove appellant either committed a sexual assault or attempted to commit a sexual assault. Initially, we note that appellant was not charged with burglary by entering a habitation and committing or attempting to commit a sexual assault. See TEX. PENAL CODE ANN. § 30.02(a)(3) (Vernon 2005).[1] Rather, appellant was charged with burglary of a habitation with intent to commit sexual assault. See § 30.02(a)(1). We further note, the court's charge defined the offense as burglary of a habitation with intent to commit sexual assault and appellant did not object to this charge. We will however, review the legal and factual sufficiency of the evidence for the offense charged.

Standard of Review

Appellant challenges both legal and factual sufficiency. Therefore, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find

---

[1] Further reference to Texas Penal Code Annotated will be by reference to "section ___" or "§ ___."

3

the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion

of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Court of Criminal Appeals has recently declared that when reviewing the evidence for factual sufficiency, the reviewing court should measure the evidence in a neutral manner "against a hypothetically correct" jury charge. Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley v. State, 273 S.W.3d 260, 260-61 (Tex.Crim.App. 2008)).

Legal Sufficiency Analysis

Appellant's contention regarding the legal sufficiency of the evidence is that the evidence was insufficient to prove a completed or attempted sexual assault. As stated above, appellant was charged with burglarizing the habitation with intent to commit sexual assault. As charged by indictment, intent is an essential element of burglary in the case before us. See §30.02(a)(1); see also McGee v. State, 923 S.W.2d 605, 608 (Tex.App.–Houston [1st Dist.] 1995, no pet.). As such it must be proved beyond a reasonable doubt. Id. The intent can be inferred from the acts, words, and conduct of the appellant. See Wilkins v. State, 279 S.W.3d 701, 704 (Tex.App.–Amarillo 2007, no pet.) (citing Beltran v. State, 593 S.W.2d 688, 689 (Tex.Crim.App. 1980)).

The facts before us show that appellant entered the home of the victims at or near 3:00 a.m. and did so in such a manner as to arouse no one, not even the family dog. Further, the record reflects he did not have consent to be in the home. Additionally, upon entering the home, appellant stopped and took his shoes off outside the door to the bedroom of Lenice and Steve. As appellant approached Lenice's side of the bed,

5

appellant disrobed completely and placed a condom over his penis. Of course he was prevented from acting further when Lenice was awakened. When we review all of the above evidence in the light most favorable to the jury's verdict, we cannot say that the jury acted irrationally in finding that the appellant entering the habitation with the intent to commit sexual assault. Accordingly, appellant's issue regarding the legal sufficiency of the evidence is overruled.

Factual Sufficiency Analysis

This same evidence, even when viewed in a neutral light, still leads to the conclusion that the jury was acting rationally when it found appellant guilty beyond a reasonable doubt of burglary of a habitation with intent to commit sexual assault. Watson, 204 S.W.3d at 415. We are required to discuss the evidence that appellant contends casts doubt on the jury's decision. See Sims, 99 S.W.3d at 603. Appellant points to no particular evidence that casts doubt on the jury's decision, rather, he continues to point to the fact that there was no completed or attempted sexual assault. This position in no way relates to the element of intent and does nothing to undermine the confidence of the court in the jury's verdict. Watson, 204 S.W.3d at 415. Accordingly, appellant's issue regarding the factual sufficiency of the evidence is overruled.

Guilty of Only the Lesser Included Offense

Appellant's final issue contends that the appellant is guilty of only the lesser included offense of criminal trespass. As the State points out, this is simply an attempt by appellant to attack the sufficiency of the evidence convicting him of burglary of a habitation with

intent to commit the offense of criminal trespass.  As such, this argument has been answered above.  Appellant's third issue is overruled.

## Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice



Do not publish.