In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00073-CR


______________________________




JERRY LEWIS BIRDOW, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 3rd Judicial District Court


Anderson County, Texas


Trial Court No. 29212




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



I. Factual and Procedural History

 On August 9, 2007, Palestine police officer James Lewis was on duty wearing a badge and
uniform while patrolling in a marked police cruiser. Jerry Lewis Birdow flagged Lewis down,
walked to the driver's side door of Lewis' squad car, and announced that he had crack (cocaine). 
Birdow stuck both hands in the window, opened them, and showed Lewis that he had a rock-like
item in one hand and a crack pipe in the other. At that point, Lewis placed Birdow under arrest. 
While he was being handcuffed, Birdow cut Lewis' hand with the crack pipe and fled. Backup
officers were called, and shortly thereafter, Birdow was apprehended. Lewis went to the hospital,
where they cleaned and bandaged his wound. Although Birdow denied stabbing Lewis with a crack
pipe, he was convicted of assault on a public servant and possession of a controlled substance and
was sentenced to five years' imprisonment. (1) 

 On appeal, (2) Birdow contends that the evidence was factually insufficient to support his
conviction of assault on a public servant. (3) Birdow neither contends that the evidence was legally
insufficient, nor does he appeal his conviction for possession of a controlled substance. 

II. Factual Sufficiency of the Evidence

 A factual sufficiency review begins with the presumption that the evidence supporting the
jury's verdict is legally sufficient. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We
view all evidence in a neutral light when conducting a factual sufficiency review. Neal v. State, 256
S.W.3d 264, 275 (Tex. Crim. App. 2008), cert. denied, 129 S.Ct. 1037 (2009); Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006). We must determine if the evidence in support of the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence. Lancon v. State, 253 S.W.3d
699, 705 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414-15; Drichas v. State, 219 S.W.3d 471,
473 (Tex. App.--Texarkana 2007, no pet.). We are mindful of the fact that a jury has already heard
the evidence and convicted based on that evidence. While a factual sufficiency review allows a very
limited degree of "second-guessing" the jury, the review should be deferential, with a high level of
skepticism about the jury's verdict before a reversal can occur. Roberts v. State, 220 S.W.3d 521,
524 (Tex. Crim. App. 2007); Watson, 204 S.W.3d at 417. 

 While Birdow claims factual insufficiency of the evidence, he fails to explain in what way
the State's evidence, while legally sufficient, is nevertheless too weak to withstand scrutiny, or in
what way any conflicting evidence preponderates against conviction. We, therefore, look to the
elements of assault on a public servant and the proof that Birdow (1) intentionally, knowingly, or
recklessly (2) caused bodily injury to Lewis (3) while knowing Lewis was a public servant (4) who
was lawfully discharging an official duty. See Tex. Penal Code Ann. § 22.01(b). A hypothetically
correct jury charge is used to evaluate the factual sufficiency of the evidence. Grotti v. State, 273
S.W.3d 273, 280 (Tex. Crim. App. 2008).

 The evidence reveals that Lewis was injured in his attempt to place Birdow under arrest.
Lewis testified that after Birdow approached the police cruiser, Lewis opened the driver's side door
and told Birdow to place his hands on the rear of the car. Birdow complied. Lewis then placed the
handcuff on Birdow's left hand, and Birdow jerked away. Lewis testified that he then reached out
to grab Birdow, and Birdow swung back and gouged at Lewis with the crack pipe and sliced Lewis'
hand. When Lewis reached out to grab the cuff, Birdow reached in at the same time, with a stabbing
motion. Lewis testified that Birdow cut the palm of Lewis' hand with the crack pipe. Lewis testified
that he saw Birdow stab at him with the crack pipe and then felt a stinging sensation in his hand. 
Lewis was attempting to arrest Birdow at the time Birdow cut his hand with the crack pipe. 

 After that, Lewis drew his service weapon, ordered Birdow to the ground, and Birdow failed
to comply. Birdow then ran away. Lewis chased him for about a block before backup assistance
arrived, at which time Birdow was taken into custody. 

 Lewis went to the hospital to have the wound checked and cleaned. Even though the injury
bled quite profusely, it did not require stitches. 

 Birdow testified that he did not attack or stab Lewis. Birdow testified that he would not stab
a police officer and that he did not stab Lewis with the crack pipe. (4) There was no further testimony
regarding the assault on Lewis. 

 An actor is presumed to have known the person assaulted was a public servant if the person
was wearing a distinctive uniform or badge indicating the person's employment as a public servant. 
Tex. Penal Code Ann. § 22.01(d) (Vernon Supp. 2008). At the time Lewis attempted to arrest
Birdow, the evidence showed that Lewis was wearing his uniform and badge, indicating he was a
public servant. Lewis was lawfully discharging an official duty (attempting to arrest Birdow) at the
time of Lewis' injury. The State introduced photographic evidence of the injury and the fact of injury
is further supported by Lewis' testimony. Lewis testified that the injury was caused when Birdow
stabbed him with the crack pipe, at which time he felt a stinging sensation in his hand. 

 The lone remaining element of proof is whether Birdow intentionally, knowingly, or
recklessly caused Lewis' bodily injury. (5) A person acts intentionally with respect to a result of his or
her conduct "when it is his conscious objective or desire to engage in the conduct or to cause the
result." Tex. Penal Code Ann. § 6.03(a) (Vernon 2003). A person acts knowingly "when he is
aware of the nature of his conduct or that the circumstances exist," or that "he is aware that his
conduct is reasonably certain to cause the result." Tex. Penal Code Ann. § 6.03(b) (Vernon 2003). 
A person is reckless with respect to his conduct when he is "aware of but consciously disregards a
substantial and unjustifiable risk that the circumstances exist or the result will occur." Tex. Penal
Code Ann. § 6.03(c) (Vernon 2003). 

 The mental state of a defendant can be inferred from his or her words, acts, and conduct. 
Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995); Wilkins v. State, 279 S.W.3d 701,
704 (Tex. App.--Amarillo 2007, no pet.).

 In this case, the jury could have inferred Birdow's intent and knowledge from his actions and
conduct at the time Lewis attempted to place him under arrest. Birdow was facing away from Lewis
with his hands placed on the trunk of the patrol car before Lewis attempted to handcuff him. After
Lewis placed the handcuff on Lewis' left wrist, there is evidence that Birdow jerked away and swung
around and stabbed at Lewis with the crack pipe, cutting Lewis' hand. After having been ordered
to the ground by Lewis more than once, Birdow ran from the scene. The jury could have inferred
the requisite intent from Birdow's actions. We cannot conclude that the evidence in support of the
verdict is so weak that the verdict is clearly wrong and manifestly unjust. 

 The conflicting evidence came only from Birdow, who testified that he would not stab a
police officer and that he did not stab Lewis with the crack pipe. The jury is the judge of witness
credibility and may "believe all, some, or none of the testimony." Chambers v. State, 805 S.W.2d
459, 461 (Tex. Crim. App. 1991). Unless the record clearly reveals a different result is appropriate,
we must defer to the fact-finder's determination concerning the weight to be given contradictory
testimony. Lancon, 253 S.W.3d at 705.

 

III. Conclusion

 We find the evidence is factually sufficient; it is neither so weak that the verdict is clearly
wrong and manifestly unjust, nor is it against the great weight and preponderance of the conflicting
evidence. We affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: August 5, 2009

Date Decided: September 2, 2009


Do Not Publish
1. Birdow was also convicted of possession of less than one gram of a controlled substance and
assessed punishment at two years in the State Jail Division of the Texas Department of Criminal
Justice. He does not appeal that conviction. 
2. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.
3. See Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (Vernon Supp. 2008).
4. We note that on April 3, 2008, an order on competency and commitment was entered,
finding that Birdow was not competent to stand trial and ordering Birdow into the custody of Vernon
State Hospital to receive treatment for a period not to exceed 120 days. The trial court ordered the
department head to notify the court when Birdow attained competency to stand trial. On August 8,
2008, the trial court noted on the docket that an evaluation had been received by the court upon
which the trial court found Birdow competent to stand trial. While there is no issue concerning his
competency to stand trial, Birdow was admonished by the court on several occasions to slow down
in his speaking. Birdow seemed to have a difficult time articulating his responses to questions from
counsel while on the witness stand.
5. For purposes of the offense of assault on a public servant, "bodily injury" is defined as
"physical  pain,  illness,  or  any  impairment  of  physical  condition."  Tex.  Penal  Code  Ann.
§ 1.07(a)(8) (Vernon Supp. 2008).