`

 

 

 

 

 

NUMBER 13-09-00181-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

KEMUEL LINDSEY,                                                                      Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 117th
District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION ON
REMAND

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion on
Remand by Justice Garza

 

Appellant, Kemuel Lindsey, was
convicted of retaliation, a third-degree felony.  See Tex. Penal Code Ann. § 36.06(a)(1)(B)
(West Supp. 2010).  After Lindsey pleaded “true” to an enhancement paragraph,
the offense was enhanced to a second-degree felony, and Lindsey was sentenced
to twenty-five years in prison.  See id. § 12.42(a)(3) (West Supp. 2010). 
On appeal, Lindsey (1) challenges the sufficiency of the evidence to support
his conviction, (2) claims there was an error in the jury charge, and (3)
complains that he received ineffective assistance of trial counsel.  On July
29, 2010, we overruled Lindsey’s three issues and affirmed the trial court’s
judgment.  Lindsey v. State, No. 13-09-00181, 2010 Tex. App. LEXIS 6018,
at *7-17 (Tex. App.—Corpus Christi July 29, 2010, pet. granted) (mem. op., not
designated for publication).  The Texas Court of Criminal Appeals subsequently
vacated our judgment and remanded the case to us to more fully address
Lindsey’s argument with respect to evidentiary sufficiency.  Lindsey v. State,
No. PD-1415-10, 2011 Tex. Crim. App. Unpub. LEXIS 447, at *1-2 (Tex. Crim. App.
Apr. 20, 2011) (per curiam) (not designated for publication).  We affirm.

I. 
Background

            In our 2010 memorandum
opinion, we set forth the factual background of this case as follows:

Nisar Ahmed owns Coastal Mart, a
convenience store and gas station located at 2214 Leopard in Corpus Christi,
Texas.  On August 21, 2008, Ahmed and his employee Richard Nolte were working
in the cash register area when Lindsey walked into the store. Ahmed testified
that Lindsey wandered around the store asking customers for money and then ran
outside to panhandle money from a customer who was pumping gas.  According to
Ahmed, Lindsey then re-entered the store, cut in line, and purchased a bag of
chips for ninety-nine cents.  After making his purchase, Lindsey lingered near
the cash registers as another customer attempted to make a purchase.  Ahmed
testified that Lindsey “was looking [at] the wallet of the customer,” which
concerned Ahmed.  The customer then stated that he needed to return to his car
to obtain more money to purchase the item and walked outside.  Lindsey followed
the customer.

 

Ahmed testified that, out of his
continued concern, he followed Lindsey outside and asked him not to panhandle
his customers.  According to Ahmed, Lindsey then proclaimed that Ahmed was
“disrespecting him.”  Ahmed repeated his request to Lindsey not to badger his
customers and to leave the store premises when Lindsey suddenly punched Ahmed
in the face.  Ahmed testified that the punch knocked his glasses off and caused
him to fall.  He testified that the left side of his face began to bleed and
swell.  Ahmed got up, grabbed a nearby stick to protect himself, ran inside to
ask Nolte to call the police, and then returned outside where he and Lindsey
continued to argue.

 

Nolte testified next.  He stated that
Ahmed actually asked him to call the police before he went outside to follow
Lindsey.  He testified that he was “on the phone with the police dispatch when
the defendant hit [his] boss.”  Nolte witnessed the entire assault and also
provided testimony regarding Ahmed’s facial injuries.

 

Officer Gabriel Garcia, a four-year
veteran of the Corpus Christi Police Department, testified that he saw Ahmed
and Lindsey arguing when he arrived at the convenience store.  Officer Garcia
noted that Lindsey matched the description of the offender who had been
reported to the police dispatch, so he approached Lindsey, patted him down for
weapons, and then detained him in the back of his marked patrol unit.  Officer
Garcia then spoke to Ahmed, who told him that “Lindsey was begging for money
and [Ahmed] had told him numerous times to stop begging for money” when Lindsey
punched him.  At that point, Officer Garcia stated that he took Lindsey into
custody for assault causing bodily injury.

 

Officer Garcia testified that, while
driving Lindsey to jail, Lindsey made several threats to “come back and hurt
Mr. [Ahmed] for getting him arrested.”  At one point, Lindsey stated that he was
going to “beat the fuck out of this clerk again.”  When Officer Garcia asked
Lindsey to calm down  and relax, Lindsey instead responded, “Fuck you.  I'm
coming back to fuck him up for putting me in jail.”

 

A jury found Lindsey guilty of the
crime of retaliation, and this appeal ensued.

 

Lindsey, 2010 Tex. App. LEXIS 6018, at *1-4.

II. 
Discussion

            By his
first issue, Lindsey argues that the evidence adduced at trial was legally and
factually insufficient to support his conviction.  In particular, he contends
that the evidence failed to establish that his statements to Officer Garcia
“were in any way directed to inhibit [Ahmed] from reporting criminal activity
or acting as a witness.”

A.        Standard of
Review and Applicable Law

In determining whether the evidence is
sufficient to support each element of a criminal offense, we apply only a
legal-sufficiency standard.  Brooks v. State, 323 S.W.3d 893, 895 (Tex.
Crim. App. 2010).  Under such a standard, we consider the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); see Sanders v.
State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003).  We give deference to
“the responsibility of the trier of fact to fairly resolve conflicts in
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim.
App. 2007) (citing Jackson, 443 U.S. at 318-19).  When faced with
conflicting evidence, we presume that the trier of fact resolved any such
conflict in favor of the prosecution, and we defer to that resolution.  State
v. Turro, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

Sufficiency of the evidence is
measured by the elements of the offense as defined by a hypothetically correct
jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997).  Such a charge would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was
tried.  Id.  Here, such a jury charge would state that Lindsey was
guilty of retaliation if he (1) intentionally or knowingly (2) harmed or
threatened to harm Ahmed (3) by an unlawful act (4) in retaliation for or on
account of Ahmed’s status as a person who reported the occurrence of a crime.  See
Tex. Penal Code Ann. § 36.06(a)(1)(B).  A person acts
intentionally when it is his conscious objective or desire to engage in the
conduct or cause the result.  Id. § 6.03(a) (West 2003).  A person acts
knowingly when he is aware of the nature of his conduct or that his conduct is
reasonably certain to cause the result.  Id. § 6.03(b).  Intent can be
inferred from the acts, words, and conduct of the accused.  See Beltran v.
State, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980).  Under the retaliation
statute, a threat does not have to be communicated directly to the person being
threatened.  Doyle v. State, 661 S.W.2d 726, 728 (Tex. Crim. App. 1983)
(per curiam).

B.        Analysis

On original submission, we concluded
that the evidence was sufficient to allow a reasonable juror to find the
elements of the crime beyond a reasonable doubt.  Lindsey, 2010 Tex.
App. LEXIS 6018, at *4-8.  We noted specifically that “Lindsey’s continued
threats after, and in spite of, a police officer’s warning for him to stop lend
support to the notion that his statements were made intentionally or
knowingly,” id. at *7, and “[t]he statement that Lindsey intended to
‘com[e] back to fuck [Ahmed] up for putting [him] in jail’ establishes that he
was making the threat in retaliation for Ahmed’s report to the Corpus Christi
Police Department about the assault.”  Id.  The court of criminal
appeals, in vacating our judgment, found that we had conducted a mere
“generalized review of the sufficiency of the evidence” and instructed us to
instead “address appellant’s specific argument”—namely, that the State was
required, and failed, to prove that Lindsey’s threats were “intended to inhibit [Ahmed]
from reporting criminal activity or acting as a witness.”[1]  Lindsey, 2011 Tex. Crim. App.
Unpub. LEXIS 447, at *2.

This argument requires us to construe
the retaliation statute.  Our primary objective when construing a statute is to
give effect to the Legislature’s intent as expressed in the statute’s
language.  See Tex. Gov’t Code
Ann. § 312.005 (West 2005); First Am. Title Ins. Co. v. Combs,
258 S.W.3d 627, 631-32 (Tex. 2008).  When statutory language is clear and
unambiguous, we apply language in accordance with its plain and common
meaning.  City of Rockwall v. Hughes, 246 S.W.3d 621, 625-26 (Tex.
2008).

In support of his argument, Lindsey
directs us to two retaliation cases where, according to him, the defendants’
threatening statements “were made under circumstances that showed the threat
was intended to return to the target of the threat.”  First, in Doyle v.
State, the appellant was convicted of making retaliatory threats to kill a
judge that ruled against him in a divorce case.  661 S.W.2d at 727.  The
appellant made the threats during an interview with a police officer while he
was in jail.  Id. at 728.  The Doyle Court reiterated the
long-standing rule that “[t]he fact that the party threatened was not present
when the threat was made is no defense.”  Id. (citing Gerick v. State,
45 S.W. 717 (Tex. Crim. App. 1898)).  The Court noted that “[a] central purpose
of the statute is to encourage a certain class of citizens to perform vital
public duties without fear of retribution” and that “[s]uch fear is as likely
to be caused by a threat relayed through a third party as it is by a direct
threat.”  Id.  Therefore, even though the threat was communicated only
to a third-party police officer, the evidence was sufficient to establish the
appellant’s intent to threaten to harm the judge.  Id.

Lindsey also cites Lebleu v. State,
in which the appellant was convicted of making retaliatory threats against a
judge who ruled against him in a child custody case, and against his ex-wife,
who served as a witness in that case.  192 S.W.3d 205, 209 (Tex. App.—Houston
[14th Dist.] 2006, pet. ref’d).  The court in Lebleu noted that the retaliation
statute “do[es] not require that appellant intend to carry out the threat, take
any affirmative steps to carry out the threat, or even that appellant issue the
threat directly to the public servant or witness.”  Lebleu, 192 S.W.3d
at 209.  The court affirmed the conviction with respect to the threat against
the judge, noting that, even though the threats were not made in the judge’s
presence, the intent element was established because the appellant “threatened
to put dynamite down the judge’s throat to show the judge how it felt to have
someone control his life.”  Id.  Appellant’s conviction with respect to
the threats made against his ex-wife was also affirmed; the evidence was
sufficient to establish the appellant’s culpable intent because witnesses
testified that appellant was angry with his ex-wife due to actions she took in
the custody case.  Id. at 209-10.

Pointing to Doyle and Lebleu
as examples, Lindsey argues that a retaliation conviction requires “somethi[n]g
more than the mere expression of a verbal utterance that might be construed as
a threat”; according to Lindsey, it also requires a showing that the defendant
intended to exert an “inhibitory effect” on the threatened individual.  He
claims that the State failed to meet that burden here because “[t]here is
nothing showing that [his] statements in the police car were in any way
directed to inhibit [Ahmed] from reporting criminal activity or acting as a
witness.”  We disagree.  First, we do not believe, as Lindsey claims, that the Doyle
and Lebleu cases turned on “circumstances showing a likelihood of [the
threat] being relayed to the victim” such that an “intent to inhibit” could be
inferred.  In fact, the outcomes of both Doyle and Lebleu would
likely have been different if a showing of “intent to inhibit” were actually
required.  See Doyle, 61 S.W.2d at 727 (appellant communicated threat
against judge only to police officer while in jail; no direct evidence that
appellant intended for judge to personally hear the threat); Lebleu, 192
S.W.3d at 211 (rejecting appellant’s contention that “he constantly makes
threats, but because he never intends to carry them out, his conviction is not
sound”).

Second, we note that a close examination
of the statute supports the conclusion that retaliation does not require a
showing of intent to inhibit the behavior of the target of the threat.  Section
36.06(a) of the penal code defines two crimes:  retaliation and obstruction.  See
Tex. Penal Code Ann. §
36.06(a)(1), (2).  Both crimes require a showing that the defendant
“intentionally or knowingly harm[ed] or threaten[ed] to harm another by an
unlawful act.”  Id.  Obstruction, described in subsection (a)(2),
additionally requires a showing that the defendant intended “to prevent or
delay the service of another” as a public servant, witness, informant, or
reporter of a crime.  Id. § 36.06(a)(2).  Retaliation, on the other
hand, contains no such element.  See id. § 36.06(a)(1).  Instead, the
retaliation statute merely requires a showing that the defendant acted “in
retaliation for or on account of the service or status of another” as a public
servant, witness, informant, or reporter of a crime.  Id.  The
Legislature could have easily included an “intent to inhibit” element in the
definition of retaliation—as it did in the definition of obstruction—but it
chose not to, and it is not our province to add that element.  See Tex. Gov’t Code Ann. § 312.005
(requiring us to give effect to the Legislature’s intent as expressed in the
statute’s language).[2]

Lindsey states that “[t]he Legislature
could not have possibly intended to make it a felony to state in passing ‘I’m
going to hurt X’ when such statement was made in passing to a friend with no
contact with person X.”[3] 
However, that is precisely what the Legislature has done according to the plain
meaning of subsection 36.06(a)(1).  As the court in Lebleu stated:

The crime of retaliation does not
require an intent to follow through with a threat.  It is not an element of the
crime.  So long as a person issues a threat, knowingly and intentionally, and
for the reasons set out in the statute, then she is guilty of the crime.

 

192 S.W.3d at 211.  The statute does
not implicitly or explicitly require that the threat be communicated to the
victim; that the defendant intend for the threat to be communicated to the
victim; or that the defendant intend that the victim be intimidated or
inhibited from engaging in certain behavior.  See Doyle, 661 S.W.2d at
729 (“Nothing in the wording of the statute commands that the threat be face to
face.”).  The statute does not even require that the threat be credible.  All
that the State was required to show, in this case, was that Lindsey
intentionally or knowingly threatened to harm Ahmed on account of Ahmed’s
reporting of a crime.  See Tex.
Penal Code Ann. § 36.06(a)(1).  The State did this.  The fact that the evidence
showed that the threat was expressed to a police officer, instead of to Ahmed
himself, is immaterial.  In prosecuting a defendant under subsection
36.06(a)(1) of the penal code, it is unnecessary for the State to establish
that the victim either (1) heard or learned about the threats, or (2) was
intimidated by the threats.  See id.; but see Wilkins v. State,
279 S.W.3d 701, 704-05 (Tex. App.—Amarillo 2007, no pet.).[4]

We conclude that a rational juror
could have found beyond a reasonable doubt that Lindsey intentionally or
knowingly threatened to harm Ahmed by an unlawful act in retaliation for, or on
account of, Ahmed’s status as a person who reported the occurrence of a crime. 
See Tex. Penal Code Ann. §
36.06(a)(1)(B); Jackson, 443 U.S. at 319.  His first issue is overruled.

III. 
Conclusion

            We affirm the
judgment of the trial court.[5]

 

__________________________

DORI CONTRERAS GARZA

Justice

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

14th
day of July, 2011.









[1]
The court of criminal appeals restated Lindsey’s argument in the form of a
question posed to this Court:  “[D]oes the defendant have to intend that the
victim either (1) hear or learn about his threats; or (2) be intimidated by his
threats?”  Lindsey v. State, No. PD-1415-10, 2011 Tex. Crim. App. Unpub.
LEXIS 447, at *2 (Tex. Crim. App. Apr. 20, 2011) (per curiam) (not designated
for publication).





[2]
It is noteworthy that the crimes of obstruction and retaliation are defined in
the same penal code section and differ only in the manner discussed above;
i.e., in that the former requires a showing of intent “to prevent or delay the
service of another” whereas the latter does not.  See Tex. Penal Code Ann. § 36.06(a)(1), (2)
(West Supp. 2010).  The offense of obstruction is designed to protect against
acts by a defendant intended to interfere with prospective actions that
might be taken by the target of the threat.  Retaliation, on the other hand,
protects against acts by a defendant intended to avenge past actions
taken by the target.  To graft an additional “intent to inhibit” element onto
the retaliation statute, as Lindsey suggests, would render it virtually
indistinguishable from the obstruction statute.  See Metts v. State, 22
S.W.3d 544, 547 (Tex. App.—Fort Worth 2000, no pet.) (“We presume that the
legislature used every word and phrase in a statute for a purpose and if the
legislature excluded certain words in a statute, it did so for a reason.”).

 





[3]
Lindsey asserts, without reference to authority, that “[p]ermitting conviction
on the mere utterance of words, without more, would create a constitutionally
infirm statute,” and that the Doyle and Lebleu cases show that
“courts construe the [retaliation] statute in a fashion to prevent
unconstitutional overbreadth.”  To the extent Lindsey is attempting to raise an
issue as to the constitutionality of subsection 36.06(a)(1) of the penal code,
that issue has not been adequately briefed and is therefore waived.  See
Tex. R. App. P. 38.1(i).

 





[4]
In Wilkins v. State, the Amarillo court of appeals reversed the trial
court’s decision to revoke the appellant’s probation based on a charge of
retaliation.  279 S.W.3d 701, 705 (Tex. App.—Amarillo 2007, no pet.).  The
appellant was accused of threatening a judge presiding over a child custody
dispute.  Id. at 703.  The evidence showed that appellant repeatedly
stated, while he was on a telephone call outside of the courtroom, that he
wished the judge would die.  Id.  In its evidentiary sufficiency
analysis, the Amarillo court stated that, “[a]s [the retaliation charge against
appellant is] a result oriented offense, the action being criminalized is the
threat to harm and the intent to inhibit public service by others.”  Id.
at 704 (citing Herrera v. State, 915 S.W.2d 94, 97 (Tex. App.—San
Antonio 1996, no writ)).  The court continued:

 

Therefore, we
cannot focus on the nature of the offense . . . .  Rather we consider whether
appellant made the statement with the intent to inhibit [the judge’s] service
as a public official or with knowledge that it was reasonably certain that his
statement would inhibit [the judge’s] service as a public official. . . .

 

Id. at 704-05.  Because
“no evidence support[ed] a conclusion that appellant meant to affect [the
judge’s] actions or emotional well-being,” the court found the evidence to be
insufficient to establish retaliation.  Id. at 705.

 

We decline to follow Wilkins.  The Wilkins
court cites only Doyle in asserting that a showing of the defendant’s
“intent to inhibit” is necessary to obtain a retaliation conviction, but Doyle
says nothing of the sort.  The Doyle Court did recognize that “[a]
central purpose of the statute is to encourage a certain class of citizens to
perform vital public duties without fear of retribution,” 661 S.W.2d 726, 729
(Tex. Crim. App. 1983), but it did not imply that the defendant must have had
the “intent to inhibit” in order to convict.  Moreover, as noted, the statute
contains no requirement, explicit or implicit, that the defendant actually
intend for the victim to hear or appreciate the threat.  The making of the
threat itself is what is criminalized under the plain language of the
statute—not the communication of that threat to the victim.

 





[5]
In our 2010 memorandum opinion, we fully considered Lindsey’s second and third
issues and overruled them.  Lindsey v. State, No. 13-09-00181, 2010 Tex.
App. LEXIS 6018, at *8-17 (Tex. App.—Corpus Christi July 29, 2010, pet. granted)
(mem. op., not designated for publication).  The court of criminal appeals has
not instructed this Court to reconsider those decisions; therefore, the issues
remain overruled, and we need not address them here.  See Tex. R. App. P. 47.1.