NO. 07-11-00197-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 21, 2012

GERALD ORLANDO MATHEWS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 56,410-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Gerald Orlando Matthews appeals the trial court's revocation of his community supervision and its decision to sentence him to ten years in prison for driving while intoxicated (third or more). Finding the trial court did not abuse its discretion, we will affirm.

Background

A 2007 indictment charged appellant with driving while intoxicated, third or more. According to the terms of a plea bargain, appellant plead guilty to the charged offense

and was sentenced to ten years in prison. The sentence was suspended and appellant placed on community supervision for five years.

The State later moved to revoke appellant's community supervision. A March 10, 2011 motion alleged twelve violations of the conditions of his community supervision. At the hearing on the motion, appellant plead true to eleven violations, including one alleging he drove while his driver's license was suspended for driving while intoxicated. He contested only one of the alleged violations, that alleging his possession of fifty pounds or less but more than five pounds of marijuana.

After an evidentiary hearing, the trial court revoked appellant's community supervision and sentenced him to ten years in prison. A finding in the judgment indicates appellant violated each of the twelve grounds alleged by the State. Appellant timely noticed this appeal.

Analysis

Appellant acknowledges an affirmative finding of a single violation of the terms of community supervision is sufficient to support revocation. Nevertheless, through a single issue, he asks us to find the evidence was insufficient to support the trial court's finding of a violation based on possession of marijuana. He further asks that we modify the judgment accordingly.

"The only question presented in an appeal from an order revoking probation is whether the trial court abused its discretion in revoking the appellant's probation." *Lloyd v. State,* 574 S.W.2d 159, 160 (Tex.Crim.App. 1978). *See Rickels v. State,* 202 S.W.3d

2

759, 763 (Tex.Crim.App. 2006) ("Appellate review of an order revoking probation is limited to abuse of the trial court's discretion") (quoting *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984)). A trial court abuses its discretion if its decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *Wilkins v. State,* 279 S.W.3d 701, 703-704 (Tex.App.--Amarillo 2007, no pet.). A plea of true standing alone is sufficient to support an order revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Jiminez v. State,* 552 S.W.2d 469, 472 (Tex.Crim.App. 1977). A trial court does not abuse its discretion if a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid. *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex.Crim.App. 1980).

Appellant agrees that the finding of a single violation is sufficient to revoke his community supervision. As noted, he plead true to eleven violations. Because our review is limited to whether the trial court abused its discretion in revoking appellant's community supervision, and based on the cited authorities we find it did not, any opinion concerning the trial court's adjudication of appellant's sole contested issue is unnecessary to the disposition of this appeal. Tex. R. App. P. 47.1. And could amount to a constitutionally prohibited advisory opinion. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993) (noting the distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties, and a judgment based on the opinion does not remedy an actual or imminent harm); *cf. Duke Energy Field Services, L.P. v. Meyer,* 190 S.W.3d 149, 154 (Tex.App.-- Amarillo 2005, pet denied) (on sustaining a factual insufficiency issue, which required

3

remand, the court declined to review the parties' remaining issues as such was not necessary to disposition of the appeal and could amount to an advisory opinion).

## Conclusion

Finding the trial court did not abuse its discretion in revoking appellant's community supervision, we affirm the judgment of that court.


James T. Campbell
Justice

Do not publish.