

**NUMBERS**
**13-11-00773-CR**
**13-11-00774-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHNNY ALVAREZ,                                                Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

**On appeal from the 94th District** Court
**of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Garza**

Appellant Johnny Alvarez appeals the trial court's judgments revoking his deferred adjudication community supervision, adjudicating him guilty, and sentencing him to ten years' imprisonment for each of the following offenses: (1) two counts of aggravated sexual assault of a child, each a first-degree felony, in appellate cause

number 13-11-773-CR, *see* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011); and (2) five counts of aggravated sexual assault of a child, each a first-degree felony, *see id.*, in appellate cause number 13-11-774-CR, with the sentences to run concurrently. By two issues, appellant contends the evidence was insufficient to prove that he violated the terms of his community supervision by: (1) failing to report as directed; and (2) failing to permit his probation officer to visit him at home, work, or elsewhere. We modify the judgments as explained herein, and affirm as modified.

## I. BACKGROUND

In cause number 13-11-773-CR, appellant was indicted in November 2000 for two counts of aggravated sexual assault of a child, *see* TEX. PENAL CODE ANN. § 22.021, and two counts of indecency with a child, *see id.* § 21.11 (West 2011). The indictment alleged that the offenses occurred in October 2000. A jury trial in February 2006 ended in a mistrial.

In May 2006, in cause number 13-11-774-CR, appellant was indicted for five counts of aggravated sexual assault of a child and five counts of indecency with a child. The 2006 indictment alleged offenses occurring in 2004 and 2005 and named a different child victim than the victim alleged in the 2000 indictment. On October 26, 2007, pursuant to plea bargains in both causes, appellant pleaded guilty to all counts in both indictments. Pursuant to the agreements, the trial court sentenced appellant to: (1) three years' imprisonment on each of the indecency with a child offenses (two in cause number 13-11-773-CR and five in cause number 13-11-774-CR), and (2) ten years of deferred adjudication community supervision on each of the aggravated sexual assault of a child offenses (two in cause number 13-11-773-CR and five in cause

2

number 13-11-774-CR), with the sentences to run concurrently.

On November 1 and 2, 2011, the State filed motions to revoke appellant's deferred adjudication community supervision in both causes. Each motion alleged identical violations of appellant's community supervision: (1) that appellant failed to report as directed to a sex offender group session on October 31, 2011; (2) that on October 31, 2011, by refusing to allow probation officer Erasmo Flores to enter his home, appellant failed to permit probation officers Ninfa Martinez and Amy Rodriguez to conduct a walk-through of his home; and (3) also on October 31, 2011, appellant did not permit probation officer Martinez to search his home. Appellant pleaded "not true" to each of the allegations.

On November 21, 2011, the trial court held a hearing on the State's motions. The State presented the testimony of Martinez, a Nueces County probation officer assigned to supervise appellant. The defense presented the testimony of appellant and his two brothers, Mac Alvarez and Luciano Alvarez. At the conclusion of the hearing, the trial court found the allegation that appellant failed to report to the sex offender group session on October 31, 2011 to be "true," and the allegation that he refused to permit Flores to enter his home to be "true"; the court found the allegation that he refused to permit Martinez to search his house "not true." The trial court adjudicated appellant guilty and sentenced him to ten years' imprisonment on each of the aggravated sexual assault of a child offenses (two in cause number 13-11-773-CR and five in cause number 13-11-774-CR), with the sentences to run concurrently. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

3

The decision to proceed to adjudication of guilt and to revoke deferred-adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2011). We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a community supervision revocation hearing, an abuse of discretion occurs when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Wilkins v. State,* 279 S.W.3d 701, 703–04 (Tex. App.—Amarillo 2007, no pet.); *Brumbalow v. State,* 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). A preponderance of the evidence means that the greater weight of the credible evidence would create a reasonable belief that the defendant violated a condition of his community supervision. *Rickels,* 202 S.W.3d at 763–64.

The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona,* 665 S.W.2d at 493; *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona,* 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support revocation. *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

4

### III. Discussion

In appellant's first issue, he contends there is insufficient evidence to support the State's allegation that he failed to report to a sex offender group session as directed on October 31, 2011. Martinez testified that she told appellant on two different occasions to report to a sex offender group session at 6:00 p.m. on October 31, 2011: first during a field visit on October 26, 2011, and secondly, on the morning of October 31, 2011 during the visit to appellant's home. It is undisputed that appellant did not report to the October 31, 2011 group session.

On cross-examination, Martinez stated that on the morning of October 31, 2011, when she and the other probation officers visited appellant's home, she gave appellant an order modifying the conditions of his community supervision.[1] Paragraph seven of the modification order states, "[u]nless you are returning from work or a treatment program, you are to remain in your residence." Martinez testified that although appellant was given the standardized Halloween modification order, he was also specifically "told that day, though, to be at our office." Martinez stated that appellant was told on October 26th and again when they were leaving his house on October 31 that he had to report to the probation office at 6:00 p.m. for the group session and that he "acknowledged understanding that."

Appellant testified that after reading the Halloween modification order, he understood it to mean that he was required to be at his residence from 6 p.m. on

---

[1] The order is a standardized modification order specifically governing conduct on Halloween. It applies to "any probationer who is required by law to register as a sex offender and who will be on community supervision on October 31 of any year." Among other things, the order prohibits contact with minor children, prohibits the display of Halloween decorations, and prohibits a probationer from answering the door for trick-or-treaters. The order states that these conditions are effective from 6 p.m. on October 31 through November 1 of each year.

5

October 31, 2011 until 6 a.m. the following morning. Appellant acknowledged that he remembers Martinez saying that he was to be at the sex offender group session on October 31, 2011, and that the requirement to attend the group session appears to contradict the modification order. Appellant admitted on cross-examination that Martinez told him on October 26th that he was required to attend the group session on October 31, but denied that Martinez told him again to attend the session on the morning of October 31.

At the conclusion of the hearing, the trial court found the allegation that appellant failed to report as directed on October 31, 2011 to be "true." The trial court stated that it was not "persuaded by the Defendant's argument that he felt like these conditions modified his order. Conditions specifically give a—an exception for work and from coming from the treatment program. It was clearly a treatment program. He was instructed to be there."

We agree with the trial court that the State proved by a preponderance of the evidence that appellant violated the terms and conditions of community supervision by failing to report as directed to a sex offender group session on October 31, 2011. *See Cobb,* 851 S.W.2d at 873; *Cherry,* 215 S.W.3d at 919. The trial court was entitled to accept Martinez's testimony that, notwithstanding the modification order, appellant understood that he was required to attend the group session and to reject appellant's testimony that he misunderstood the modification order. *See Cardona*, 665 S.W. 2d at 493. We overrule appellant's first issue. Because the State proved by a preponderance of the evidence that appellant violated at least one of the conditions of community

6

supervision, we need not address appellant's second issue. *See Moore*, 605 S.W.2d at 926; TEX. R. APP. P. 47.1.

We note that there are several inaccuracies in the judgments. In cause number 13-11-773-CR, the judgment adjudicating guilt reflects that the "Offense for which Defendant Convicted" is "COUNTS 1–2: AGGRAVATED SEXUAL ASSAULT OF A CHILD[;] COUNTS 3–4: INDECENCY WITH A CHILD." Because the record also correctly includes a separate "Judgment of Conviction by Court—Waiver of Jury Trial" reflecting that appellant pleaded guilty to two counts of indecency with a child and was sentenced to three years' imprisonment, we conclude that the judgment adjudicating guilt should only reflect appellant's conviction for "COUNTS 1–2: AGGRAVATED SEXUAL ASSAULT OF A CHILD." In addition, the judgment adjudicating guilt reflects that appellant pleaded "true" to the allegations in the State's motion to adjudicate, but the record clearly shows that appellant pleaded "not true."

In cause number 13-11-774-CR, the judgment adjudicating guilt: (1) shows that the "Offense for which Defendant Convicted" is "COUNTS 1 & 2: AGGRAVATED SEXUAL ASSAULT OF A CHILD"; it should show, however, "COUNTS 1–5: AGGRAVATED SEXUAL ASSAULT OF A CHILD"; (2) states the appellant pleaded "true" to the State's allegations in the motion to adjudicate, but should reflect that appellant pleaded "not true"; and (3) incorrectly states that the sentences shall run concurrently with "Cause No. 00–CR–2936–C" when it should state "Cause No. 00–CR–3926–C." Accordingly, we modify the judgments to accurately reflect the record. The rules of appellate procedure provide that an appellate court may modify the trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b); *see Banks v. State*,

7

708 S.W .2d 460, 461 (Tex. Crim. App. 1986) (holding that when an appellate court has the necessary data and evidence before it for modification, the judgment and sentence may be modified on appeal).

## IV. CONCLUSION

We affirm, as modified, the trial court's judgments in cause numbers 13-11-773-CR and 13-11-774-CR.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
21st day of August, 2012.